Ex parte YABUCANIN.

(District Court, D. Montana. October 19, 1912.)

No. 109.

**1. HABEAS CORPUS (§ 55\*)—PETITION—EVIDENCE.**

Where a petition for habeas corpus for the discharge of an alien from detention under a deportation warrant was based on insufficient or illegal evidence to authorize a decree of deportation, the evidence should be made a part of the petition.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 52; Dec. Dig. § 55.\*]

**2. HABEAS CORPUS (§ 85\*)—DEPORTATION—FINDINGS—EVIDENCE.**

On habeas corpus to secure an alien's discharge from detention under a deportation warrant, because of alleged insufficient or illegal evidence. the findings of the acting Secretary of Commerce and Labor will be presumed correct, where the evidence at the hearing, certified and filed, is not made a part of the petition.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 77, 78; Dec. Dig. § 85.\*]

**3. ALIENS (§ 54\*)—DEPORTATION—WARRANT.**

A deportation warrant, ordering deportation to the "country whence came," but not naming it, did not order the deportation to any country, and was therefore fatally defective.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 54.\*]

**4. ALIENS (§ 54\*)—DEPORTATION—WARRANT.**

A warrant ordering deportation of an alien should clearly state whether the alien is being deported under Immigration Act Feb. 20. 1907, c. 1134, §§ 3, 20, 21, or 35, 34 Stat. 899, 904, 908 (U. S. Comp. St. Supp. 1911, pp. 502, 511, 518).

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 54.\*]

**5. HABEAS CORPUS (§ 111\*)—DEPORTATION—DEFECTIVE WARRANT.**

Where an alien was held under a defective deportation warrant, but had been legally sentenced and was subject to deportation, he would not be discharged on habeas corpus until an opportunity had been afforded the United States to issue a sufficient warrant, and detain and deport petitioner thereon.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 100; Dec. Dig. § 111.\*]

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Petition for writ of habeas corpus by Dusan Yabucanin. Writ granted. Petitioner discharged, unless a new warrant is issued within 10 days.

John G. Skinner, of Red Lodge, Mont., for petitioner.
James W. Freeman, U. S. Atty., of Helena, Mont., for respondent.

BOURQUIN, District Judge. The petitioner, an alien, filed a petition herein, alleging unlawful detention for deportation on a warrant therefor issued by the acting Secretary of Commerce and Labor. The petition alleges that the findings and statements in said warrant are not based on legal evidence, and that the said warrant is illegal, in that it orders deportation "to the country whence came," not naming it. It also alleges facts contrary to the findings. A copy of said warrant was attached to the petition, but not the evidence and report of the proceedings upon which said findings were made and warrant issued.

The writ issued. On the return day the detaining officer made return that he holds petitioner for deportation by virtue of the warrant aforesaid, that petitioner had been arrested and given a hearing on proper charges for deportation, whereat he consented to deportation, that the charge and evidence were legally sufficient, and that said warrant thereupon issued, The defect in said warrant was not denied. The return was not traversed, but upon the hearing thereon certain carbon printed sheets were filed in or by way of evidence by the petitioner, purporting to be of that taken before the inspector who presided at the hearing after arrest.

[1] In so far as the allegations of the petition are based on insufficient or illegal evidence, the evidence should have been made a part of the petition. This is in furtherance of good faith in pleading, that the court may know the facts, and not merely the petitioner's conclusions, and that perjury may be assigned on his allegations, if false. See Low Wah Suey v. Backus, 225 U. S. 460, 32 Sup. Ct. 734, 56 L. Ed. 1165, 9 Ency. P. & P. 1020.

[2] Purported evidence, uncertified, and filed at the hearing, ordinarily will not suffice. Hence the findings of the acting Secretary are presumed correct, and are final here.

[3] It would seem, however, that the warrant of deportation is defective, in that it does not name the country from whence petitioner came and to which he is to be deported. For this reason it is uncertain, and authorizes deportation nowhere. It must contain specific directions for the protection of the party to be deported, and for the information of the deporting authorities and agencies.

[4] And it ought to be clear whether the alien is being deported under section 3, 20, 21, or 35 of the Immigration Act of February 20, 1907 (34 Stat. 898 [U. S. Comp. St. Supp. 1911, p. 499]). Otherwise, great abuses might be possible. This defect, however, cannot be availed of to unconditionally break custody and effect an escape.

[5] Under the findings, petitioner is legally sentenced and subject to deportation. A proper warrant can yet issue. In the interest of justice, and to prevent its defeat, it is ordered that the petitioner be

discharged by the officer detaining him, but not until 10 days here-from, and without prejudice to the right of the United States to issue a sufficient warrant and detain and deport petitioner thereon. See In re Bonner, 151 U. S. 244, 14 Sup. Ct. 323, 38 L. Ed. 149; 9 Ency. P. & P. 1066.