**Gerasimos KOKKOSIS, Plaintiff,**

v.

**P. A. ESPERDY, as District Director of the Immigration and Naturalization Service, Defendant.**

United States District Court
S. D. New York.
Feb. 25, 1961.

Abraham Lebenkoff, New York City, for plaintiff.

S. Hazard Gillespie, Jr., U. S. Atty. for the Southern Dist. of New York, New York City, Roy Babitt, Sp. Asst. U. S. Atty., New York City, of counsel, for defendant.

DAWSON, District Judge.

Plaintiff has moved, pursuant to an order to show cause, for a stay of deportation. The defendant has cross-moved for summary judgment on the plaintiff's original complaint.

This Court has jurisdiction of this action under 5 U.S.C.A. § 1009 (Administrative Procedure Act), 28 U.S.C. § 2201 (Declaratory Judgment) and 8 U.S.C.A. § 1329 (Immigration and Nationality Act).

■ There is no dispute as to any material issue of fact. Therefore, summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper, 28 U.S.C.

The plaintiff is a native and citizen of Greece who entered the United States as a non-immigrant crewman on June 22, 1960. He remained in the United States for a longer period than authorized and deportation proceedings took place upon notice. At the conclusion of the deportation proceedings on January 10, 1961, the Special Inquiry Officer ordered the plaintiff deported. That order was not appealed and has since become final. On January 23, 1961, a Warrant of Deportation was issued by the District Director of the Immigration and Naturalization Service, in accordance with the appropriate federal regulations. 8 C.F.R. 243.1. On the same day a "Notice To Alien Of Country To Which His Deportation Has Been Directed And Penalty For Reentry Without Permission" form was completed. This form is a standard type used in such cases. Immigration and Naturalization Service Form I–294. Form I–294, notifying the plaintiff of his deportation to Greece, was then mailed to Kokkosis.

■ It was conceded by the plaintiff on oral argument that he was properly deportable and that he did receive the notice. The sole issue before the Court is whether the Warrant of Deportation was fatally defective since it failed to state the country to which plaintiff was to be deported.

Kokkosis contends that the warrant did not conform to the requirements of the Code of Federal Regulations. However, the plaintiff is unable to present any specific regulation requiring that the warrant set forth the name of the country to which the alien is to be deported. There is no such provision in the statute or the regulations.

The second area from which petitioner claims support is the case law. The only apposite cases relied on by the plaintiff were decided somewhat after the turn of the century. Ex parte Yabucanin, D.C.Mont.1912, 199 F. 365; Ex parte Callow, D.C.Colo.1916, 240 F. 212. These cases do appear to say that a Warrant of Deportation which does not set forth the country to which the alien is to be sent is void.*

---

* "It would seem, however, that the warrant of deportation is defective, in that it does not name the country from whence petitioner came and to which he is to

But they were decided under the Immigration Act of February 20, 1907. The appropriate section of that act was Section 20, which provided that an alien entering in violation of law shall "upon the warrant of the Secretary of Commerce and Labor, be taken into custody and deported to the country whence he came." The plaintiff contends that Section 20 exists today without relevant change in Section 1253 of Title 8 of the United States Code Annotated. That is not the case. The statute no longer talks in terms of a "warrant"; nor, does it require that the alien be returned to the "country whence he came." This clause, which was interpreted in Yabucanin and Callow, and which was the basis for the holdings in those cases, is no longer in the statute. Under the present law the alien is to be deported to a country designated by him if that country is willing to accept him. Section 1253(a) goes on to provide that if, after three months, the designated country has not indicated a willingness to accept the alien, the designation is to be disregarded and deportation directed to "any country of which such alien is a subject national, or citizen if such country is willing to accept him," or to any one of seven alternatives. 8 U.S.C.A. § 1253(a). Kokkosis' contention is wholly without foundation and the cases cited are irrelevant.

There is no requirement in the statute that the Warrant of Deportation set forth the country to which the alien is to be deported. Nor is there any requirement in the applicable regulations. The reason for this is obvious. Under the liberalized provisions of § 1253, if the country designated by the alien refused to accept him or fails to reply there may be as many as seven additional "false starts" before a country is found which will accept him. To impose on the issuing authorities the probable duty of multiple amendment where not required by statute, would be unreasonable.

▮ The empowering authority for deportation is the statute. Section 1252 of Title 8, U.S.C.A. provides that after a Special Inquiry Officer has conducted designated proceedings, if he finds the alien deportable, an order of deportation shall be issuable. The Warrant of Deportation is merely an administrative matter which becomes available only after the order of deportation has become final. See, 8 C.F.R. §§ 242.17–.22, 243.1.

Any contention that the alien has been denied his rights because the warrant did not give him notice of the country to which he was to be deported is without merit. He was immediately notified by receipt of the Immigration and Naturalization Form I–294.

There is no requirement that the Warrant of Deportation set forth the country to which an alien, properly deportable, is to be deported. There is no such requirement in the statute, in the regulations or in the cases interpreting that statute and regulations. Nor do any general demands of justice and fair play necessitate the imposition of such a burden upon the Immigration Service. With the greater freedom granted the alien in regard to his country of destination under § 1253, it is no longer feasible that

be deported. For this reason it is uncertain, and authorizes deportation nowhere. It must contain specific directions for the protection of the party to be deported, and for the information of the deporting authorities and agencies." Ex parte Yabucanin, 199 F. 365, at page 366.

"The warrant of deportation directs that the petitioner be returned 'to the country whence he came.' This is challenged for indefiniteness, and that for that reason the writ is void on its face. It does not designate the country to which the petitioner shall be taken on

deportation. The officer executing the writ could not know from the writ what he was required to do in its execution. He could not execute it without looking outside of the authority under which he is authorized to act. * * * [The alien] cannot simply be sent away. He has a right under the Act to be returned to the country from which he came, and to be protected in that right, the warrant which authorizes the deportation should expressly name the country to which he is to be taken * * *." Ex parte Callow, 240 F. 212, at page 216.

the warrant bear the name of the country. Notice requirements are amply satisfied by Form I-294.

The plaintiff's contention is wholly without merit; his motion for a stay of deportation is denied and the defendant's motion for summary judgment is granted. So ordered.