**TEO CHAI TIAM, Appellant,**

v.

**Robert F. KENNEDY, Attorney General of the United States, Appellee.**

**No. 16193.**

United States Court of Appeals District of Columbia Circuit.

Argued May 23, 1961.

Decided June 22, 1961.

Mr. David Carliner, Washington, D. C., with whom Mr. Jack Wasserman, Washington, D. C., was on the brief, for appellant.

Mr. Abbott A. Leban, Asst. U. S. Atty., with whom Messrs. David C. Acheson, now U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., at the time the brief was filed, were on the brief, for appellee. Mr. Oliver Gasch, U. S. Atty., at the time the record was filed, also entered an appearance for appellee.

Before BAZELON, FAHY and BURGER, Circuit Judges.

4. Cf. Rizzi v. Murff, D.C.S.D.N.Y.1959, 171 F.Supp. 362.

FAHY, Circuit Judge.

The appeal is from a summary judgment in favor of the Attorney General, appellee, entered by the District Court in a case questioning the validity of the deportation of appellant, Teo Chai Tiam, sought to be effected by the Attorney General.

There is no dispute appellant is deportable, and has been properly so found. He is an alien, a native and national of China. He embarked to the United States from Singapore as a crewman aboard a Netherlands' ship. Arriving in New York, he was admitted there for a temporary period as a nonimmigrant crewman on the basis of his possession of a travel document, called a Monsterboekje, valid indefinitely for his entry into the Netherlands. He overstayed his shore leave in this country and thus became deportable.

In the deportation proceedings he was given the statutory privilege of departing voluntarily from the United States. He failed to make appropriate arrangements to that end, and the Immigration and Naturalization Service on September 21, 1959, issued a warrant of deportation which authorized any officer or employee of the Service to take appellant into custody and deport him "pursuant to law." While the country to which he was to be deported was not specified in the warrant itself, appellant was promptly served with a notice that he was to be deported to the Netherlands. For this purpose he was taken into custody May 27, 1960, whereupon he filed suit in the District Court claiming that the warrant of deportation was void and that in any event he could not validly be deported to the Netherlands because he had not entered this country from the Netherlands and that country had not agreed to accept him into its territory. The Attorney General moved in the alternative for dismissal of the complaint or for summary judgment. As we have said, his motion for summary judgment was granted.

Our problems are two in number. The first is posed by appellant's contention that the warrant of deportation is void because it does not specify within its own terms the country to which he is to be deported. But this contention is answered by our recent decision in Ying v. Kennedy, 110 U.S.App.D.C. 247, 292 F.2d 740. It was there held that separate notice of the country to which the alien is to be deported, such as was given to appellant in this case, constitutes compliance with the statute, without the necessity of the name of the country being set forth in the warrant itself.

The second problem is whether there was a genuine issue of material fact as to the willingness of the Netherlands to accept appellant into its territory. He had designated that country as the one to which he wished to be deported, thus exercising the choice given him by section 243(a) [1] of the Immigration and Nationality Act. The brief of appellant in this court affirmatively confirms such designation by appellant. The contention of appellant is that since he alleged in his complaint that the Netherlands was not willing to accept him into its territory there was a genuine issue of fact as to such willingness, precluding summary judgment under Fed.R.Civ.P. 56(c), 28 U.S.C.A. The material filed with appellee's motion for summary judgment, however, establishes the willingness of the Netherlands to accept appellant into its territory. The issue was not factual but legal; that is, whether the fact that the Netherlands had not agreed that appellant could remain in the Netherlands, and the fact that he probably would be sent on from there to Singapore, the point of his origin insofar as the present case is concerned, negatived the necessary willingness within the meaning of section 243(a) of the Act. We think the lack of such agreement, and the existence of such probability, which must be conceded, did not have the effect of negativing the willingness of the Netherlands to accept appellant into its territory. As was said by District

1. 66 Stat. 212 (1952), 8 U.S.C. § 1253(a) (1958), 8 U.S.C.A. § 1253(a).

Judge Weinfeld in United States ex rel. Tie Sing Eng v. Murff, D.C.S.D.N.Y. 1958, 165 F.Supp. 633, 634:

"The language of the statute [section 243(a)] is clear. It provides simply for deportation to a country "willing to accept" the alien. It does not impose upon our Government, as a condition of deportation, an obligation to assure that once accepted the deportee will be granted permanent residence or asylum within the accepting country. Undoubtedly Congress could have required the Attorney General to secure assurances from an accepting country with respect to the continued residence of a deportee; but it has not done so.

Aff'd sub. nom. United States ex rel. Tie Sing Eng v. Esperdy, 2 Cir., 1959, 266 F.2d 957, certiorari denied 361 U.S. 840, 80 S.Ct. 73, 4 L.Ed.2d 79. And see Chong Chak v. Murff, D.C.S.D.N.Y.1958, 172 F.Supp. 150. There is no indication of an agreement between the United States and the Netherlands that appellant is to be sent on to Singapore. If there were the case might be different. See United States ex rel. Tom Man v. Murff, 2 Cir., 1959, 264 F.2d 926, 929.

Affirmed.