### CHEE HOCK CHAN

#### v.

### Lorraine HURNEY, as District Director for the Philadelphia District, Immigration and Naturalization Service, United States Department of Justice.

#### Civ. A. No. 29736.

United States District Court
E. D. Pennsylvania.
July 9, 1962.

---

Alan W. Margolis, Philadelphia, Pa., Jules E. Coven, Abraham Lebenkoff, New York City, for plaintiff.

Joseph S. Lord, III, U. S. Atty., James J. Phelan, Jr., and Lorraine Hurney, District Director, Immigration and Naturalization Div., Philadelphia, Pa., for defendant.

GANEY, Circuit Judge*

On August 2, 1961, this court, after hearing, ordered that plaintiff's motion to stay deportation and for a declaratory judgment voiding the warrant of deportation be denied. The order stated that an opinion, setting forth the reasons for the court's ruling, would be filed at a later date. The following is that opinion:

Plaintiff, an alien of the United States and a national of China, was directed to report to the Immigration and Naturalization Service ready for involuntary deportation to Singapore on June 15, 1961, because he had remained in the United States for a longer time than permitted by § 241(a)(9) of the Immigration and Nationality Act, 8 U.S.C.A. § 1251(a)(9). He now seeks to stay that deportation on the alleged grounds that the "warrant of deportation" is defective because it fails to state the country to which he is to be deported, and that the defendant has not made inquiry of the Government of Formosa as to its desire to accept him. All this he claims is in violation of § 243(a) of the Act, 8 U.S.C.A. § 1253(a).

We find no merit in either of plaintiff's allegations. We feel the warrant has complied with § 243(a). Plaintiff failed to make a choice as to which country he wished to go if deported, although he designated Singapore as the country he was willing to go if allowed to depart voluntarily. There is no provision in the Act that the warrant of deportation set forth the country to which an alien is to be deported, nor is there any requirement in the applicable regulations. See Peter Ying and Wong Chai Liang v. Kennedy, 110 U.S.App.D.C. 247, 292 F.2d 740 (C.A.D.C.1961); Kokkosis v. Esperdy, 191 F.Supp. 765 (D.C.1961).

As for plaintiff's second allegation, the Act was written to take into account the unsettled international situation which makes it impossible for many aliens to return to their native country. Thus the Attorney General is given several choices as to which countries the alien shall be deported depending on the factual situation presented. Plaintiff has designated Singapore, a country willing to accept him, as the place to which he desires to go if he is permitted to leave voluntarily. If he is willing to go there voluntarily we cannot see how the Act prevents the Attorney General from sending him to that country involuntarily. Under such circumstances, the Attorney General's hand should not be stayed or delayed merely because the alien refuses to designate the country of his choice for deportation.

Moreover, even if we assume that the Government of Singapore failed to advise the Attorney General whether it will or will not accept the plaintiff, still the Attorney General need not take the next step set forth in § 243(a). China is under Red domination and it is the practice of the Attorney General not to deport an alien to that country against his will.

Plaintiff's theory in support of his second allegation is that Formosa is part of China. Although the United States recognizes the Government of the Republic of China, the provisional capital of

* Specially designated to sit in the District Court.

which is Taipei, Formosa, it does not consider Formosa as part of China. Hence, for the purposes of § 243(a), plaintiff may not be considered as "subject national or citizen" of Formosa, and the Attorney General need not insist that plaintiff be deported to that country. See Cheng Fu Sheng et al. v. Rogers, 177 F. Supp. 281 (D.C.D.C.1959).