MATTER OF LAU

In Deportation Proceedings

A-15984947

*Decided by Board January 5, 1968*

(1) An order to show cause is not defective for failure to specify the country of deportation and the subdivision of section 243(a) of the Immigration and Nationality Act under which designated.

(2) Where respondent did not designate a country of deportation and was thereafter ordered deported to Formosa, the country of his citizenship, and alternatively to Hong Kong, there was no abuse of discretion by the special inquiry officer in designating Hong Kong as the alternate country of deportation since the record shows that respondent resided in Hong Kong from 1957–1967; that he left Hong Kong to join the vessel which brought him to the United States as a crewman; and that he is in possession of a seaman's identity book and a seaman's discharge book issued to him by the government of Hong Kong.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251]—Nonimmigrant (crewman)—remained longer.

ON BEHALF OF RESPONDENT:
Jules E. Coven, Esquire
Lebenkoff & Coven
1 East 42d Street
New York, New York 10017

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney

The special inquiry officer, in a decision dated July 6, 1967, granted the respondent the privilege of voluntary departure, but provided for his deportation from the United States to the Republic of China on Formosa, alternatively to Hong Kong, on the charge contained in the order to show cause, in the event of his failure to so depart. The appeal from that decision, which brings the case before this Board for consideration, will be dismissed.

The record relates to a male alien, approximately 24 years of age, who was born on the mainland of China. He last entered the United States on or about February 11, 1967. He was then admitted as a nonimmigrant crewman for the period of time his vessel was to remain in

573

United States ports, but in no event to exceed 29 days. He has remained in the United States since the expiration of the temporary period of his admission without authority.

The foregoing establishes the respondent's deportability on the above-stated charge. This has also been conceded. The point, therefore, needs no further discussion.

The special inquiry officer has granted the respondent the privilege of voluntary departure. Suffice it to say, in this connection, that the record before us supports said official's action in this respect.

It is immaterial that the order to show cause on which these proceedings are predicated did not specify the country to which the Government would request respondent's deportation. There is no requirement that the order state the section of the statutory provision under which the Government would proceed in this connection. Our reasons for rejecting this argument follow.

A proceeding before the special inquiry officer under an order asserting that the alien is to show cause why he should not be deported under certain sections of the Immigration and Nationality Act is merely investigative. It does not amount to an order of deportation. It does no more than obtain direct jurisdiction over the person of the alien, and set in motion an inquiry which may follow broad lines (see *Haymes* v. *Landon*, 115 F. Supp. 506).

If deportability is not established, then the question of place of deportation becomes moot. Practically speaking, then, the procedure desired by counsel would constitute "putting the cart before the horse."

A warrant of deportation, which issues only after deportability has been established and discretionary relief questions disposed of, is not required to set forth the country to which an alien is to be deported (see *Chee Hock Chan* v. *Hurney*, 206 F. Supp. 894; and *Ying* v. *Kennedy*, 292 F. 2d 740). A fortiori, there is no such requirement insofar as an order to show cause, which merely institutes the proceedings, is concerned.

We also reject the respondent's other argument, to wit: that the special inquiry officer improperly designated Hong Kong as the alternate place of the respondent's deportation. The reason is that the procedure followed by the special inquiry officer complies strictly with the controlling statute, which is section 243(a), Immigration and Nationality Act; 8 U.S.C. 1253 (see *Hom Sin* v. *Esperdy*, 209 F. Supp. 3).

Step #1 of the statute provides that an alien shall be deported to a country designated by him if that country is willing to accept him. Here, however, the alien failed to make such a designation. Therefore, step #2 of the statute had to be taken.

Such step contemplates the deportation of an alien to the country of

which he is a subject national or citizen, if such country is willing to accept him. Here, the special inquiry officer has correctly concluded that the respondent is a citizen of the Republic of China on Formosa (see *Ng Kam Fook* v. *Esperdy*, 320 F. 2d 86). Also, the special inquiry officer has conditioned this portion of his order upon the Republic of China on Formosa advising that it will accept the respondent. If it does not, then his deportation shall be effected as provided by step #3 of the statute.

That step allows for the alien's deportation to any one of seven categories of countries *within the discretion of the Attorney General.* In this connection, the statute itself specifically points out that there is no necessity for giving any priority or preference because of the order of the countries referred to therein. One of those countries is the one where the alien resided prior to entering the country from which he entered the United States.

In connection with the foregoing, the record demonstrates that the respondent resided in Hong Kong from 1957 until 1967. He left Hong Kong to join the crew of the vessel which eventually brought him to the United States. He is in possession of a seaman's identity book issued to him by the government of Hong Kong, and he is also in possession of a seaman's discharge book issued to him by the government of Hong Kong.

Under these circumstances, the special inquiry officer was proceeding within the scope of the statute when he designated Hong Kong as the first alternate country of deportation for the respondent (see *T'eo Chai Tiam* v. *Kennedy*, 293 F.2d 543), and we find no basis for a possible claim of abuse of discretion on his part in doing so. Moreover, the respondent could have resolved the difficulties which he now stresses by designating a country to which he preferred to be deported, but this he refused to do.

In conclusion, no claim of fear of possible persecution has been raised in connection with the respondent's deportation to Formosa or Hong Kong, either before the special inquiry officer or this Board. No further comment in this respect is required.

**ORDER:** It is ordered that the appeal be dismissed.