MATTER OF HO, ET AL.

In Deportation Proceedings

A-15985021

*Decided by Board November 22, 1967*

An order to show cause is not defective for failure to specify the alternative country of deportation and the subdivision of section 243(a) of the Immigration and Nationality Act under which the alternative country of deportation is designated.*

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant crewmen, remained longer.

ON BEHALF OF RESPONDENTS:
Jules E. Coven, Esquire
One East 42d Street
New York, New York 10017

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney

The respondents, six alien crewmen who are natives of the mainland of China and citizens of the Republic of China on Formosa, have been found deportable under the provisions of section 241(a)(2) of the Immigration and Nationality Act (8 U.S.C. 1251(a)(2)) as aliens who were admitted as nonimmigrant crewmen pursuant to section 101(a)(15) of the Act and have remained in the United States longer than permitted. Separate orders entered by the special inquiry officers provide for the voluntary departure of five of the respondents and the deportation of one of them to the Republic of China on Formosa and in the alternative to Hong Kong. The five orders granting voluntary departure also provide for the deportation of the five named respondents to designated countries and in the alternative to Hong Kong in the event they fail to depart as required under the orders granting voluntary departure.

The deportability of the six respondents is established by the evidence adduced during their separate hearings and all of the respondents admit the factual allegations set forth in their separate orders

*Reaffirmed, 389 F.2d 978 (C.A. 2, 1968). Cert. den. 390 U.S. 1040.

to show cause. Counsel on appeal seeks a termination of the six proceedings on the ground that the separate orders to show cause are defective because they did not state that the Government was going to request that Hong Kong be named as an alternative country of deportation and did not inform the aliens under which provision of section 243(a) the Government was relying upon when designating the alternative country of deportation.

The six respondents last entered the United States as crewmen through three ports on the East Coast (New York, Boston and Baltimore) and one port on the West Coast (San Francisco) during the months of January, February, March and May of 1967. They were admitted as nonimmigrant crewmen for the period of time their vessel was to remain in port, but in no event to exceed 29 days. They have remained in the United States beyond the period of their temporary admission without authority and are deportable as charged in their respective orders to show cause.

The sole issue before us is whether there should be a termination of the six proceedings on the ground that the separate orders to show cause are fatally defective. Counsel argues that the six respondents have been denied due process in that the respective orders to show cause do not specify the country to which the Government would request their deportation other than the country of the respondents' citizenship or nativity. Counsel argues that section 243(a) of the Immigration and Nationality Act spells out the countries to which an alien may be deported after having been found deportable and provides seven or eight alternatives in the event the alien cannot be deported to the country of his nativity or citizenship. Counsel maintains that for this reason the order to show cause must notify the alien as to the alternative country of deportation because such knowledge on the part of the alien plays an important part as to what type of relief he would request during the course of the hearing.

8 CFR 242.1 provides, *inter alia*, that every proceeding under the immigration laws "to determine the deportability of an alien in the United States is commenced by the issuance and service of an order to show cause by the Service." The order to show cause states thereon that "Upon inquiry conducted by the Immigration and Naturalization Service, it is alleged that:" and informs the alien of the nature of the proceeding, the legal authority under which the proceeding is conducted, a concise statement of factual allegations informing the alien of the acts or conduct alleged to be in violation of the law and a designation of the charges against the alien and of the statutory provisions alleged to have been violated. The order to show cause does no more than obtain direct jurisdiction over the person of the alien and

517

sets in motion an inquiry which follows broad lines (cf. *Haynes* v. *Landon*, 115 F. Supp. 506).

There is no provision in either the statute or the regulations promulgated pursuant thereto which requires the designation of a country to which the Service proposes to deport an alien and there is sound legal logic for this omission. If deportability is not established, then the question of the place of deportation becomes moot. Practically speaking, then, the procedure urged upon us by counsel would constitute a legal conclusion prior to any hearing of evidence which would serve as the basis for such conclusion. Furthermore, the courts have held that a warrant of deportation, which issues only after deportability has been established and discretionary relief disposed of, is not required to set forth the country to which an alien is to be deported (cf. *Chee Hock Chan* v. *Hurney*, 206 F. Supp. 894 and *Ying* v. *Kennedy*, 292 F.2d 740). A fortiori, there is no such requirement insofar as an order to show cause, which merely commences a deportation proceeding.

We find no merit to counsel's argument that the order to show cause must state which provision of section 243(a) the Service relies upon when designating an alternate country of deportation. Section 243(a) permits an alien to designate a country to which he wishes to be deported with a provision that the alien shall be deported to that country provided it is willing to accept him. Five of the respondents in the instant case designated no country to which they wished to be deported and the sixth designated Singapore.

When an alien fails to make the designation provided by step No. 1 in section 243(a), the section then provides that the alien may be deported to the country of which he is a subject national or citizen, if such country is willing to accept him, and if the country of which the alien is a subject or a national is unwilling to accept him section 243(a) provides for an alien's deportation to any one of seven categories of countries within the discretion of the Attorney General. The statute specifically provides that there is no necessity for giving any priority or preference because of the order of the countries referred to in the seven categories.

One of the seven categories to which an alien may be deported in the event that the country of his nativity or citizenship or the country designated by him refuses to accept him is any country ". . . in which he resided prior to entering the country from which he entered the United States." All of the respondents in the instant case testified that they had resided in Hong Kong prior to shipping aboard the vessels on which they last entered the United States. Accordingly, the special inquiry officers were proceeding within the scope of the statute

when they designated Hong Kong as an alternate country to which the respondents could be deported.

The respondents during their separate hearings were accorded due process as spelled out in sections 242 and 243 of the Immigration and Nationality Act and the regulations promulgated pursuant thereto. Furthermore, we find nothing in counsel's argument of any claim that the procedure followed by the special inquiry officers was prejudicial to any of the aliens involved. They were given an opportunity to designate a country to which they wished to be deported. There was no claim of persecution pursuant to section 243(h) of the Immigration and Nationality Act during the course of the hearing. We affirm the orders entered by the special inquiry officers and will dismiss the six appeals.

**ORDER:** It is directed that the appeals of the six aliens named herein be and the same are hereby dismissed.