**HO YEH SZE, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

No. 358, Docket 32025.

United States Court of Appeals
Second Circuit.

Argued Jan. 26, 1968.

Decided Feb. 2, 1968.

Jules E. Coven, New York City (Lebenkoff & Coven, New York City, on the brief), for petitioner.

Francis J. Lyons, Special Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, New York City, on the brief), for respondent.

Before MEDINA, MOORE and ANDERSON, Circuit Judges.

MEDINA, Circuit Judge:

Petitioner Ho Yeh Sze seeks review pursuant to 8 U.S.C. Section 1105a of a final order of the Board of Immigration Appeals which dismissed his appeal from an order of a Special Inquiry Officer. The Special Inquiry Officer had found that petitioner was deportable under Section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. Section 1251(a)(2), as he was a non-immigrant crewman admitted on a temporary basis who had overstayed the authorized period. Petitioner does not dispute the finding that he is now illegally in the country. However, he does claim that the order to show cause which initiated the deportation proceedings in his case was fatally defective because it failed to set forth the name of the country to which the Government would request deportation and the specific subdivision of Section 243(a) of the Act, 8 U.S.C. Section 1253(a), pursuant to which the request would be made. We have examined petitioner's contentions with some care and find them to be without merit. Our reasons follow.

Section 242 of the Immigration and Nationality Act, 8 U.S.C. Section 1252, sets out the procedure for dealing with the deportation of aliens. Subsection (b) provides:

A special inquiry officer shall conduct proceedings under this section to determine the deportability of any alien * * *. Proceedings before a special inquiry officer acting under the provisions of this section shall be in accordance with such regulations, not inconsistent with this chapter, as the Attorney General shall prescribe. Such regulations shall include requirements that—

(1) the alien shall be given notice, reasonable under all the circumstances, of the nature of the charges against him and of the time and place at which the proceedings will be held;

(2) the alien shall have the privilege of being represented (at no expense to the Government) by such counsel, authorized to practice in such proceedings, as he shall choose;

(3) the alien shall have a reasonable opportunity to examine the evidence against him, to present evidence in his own behalf, and to cross-examine witnesses presented by the Government; and

(4) no decision of deportability shall be valid unless it is based upon reasonable, substantial, and probative evidence.

Pursuant to the authorization contained in Section 242, the Immigration and Naturalization Service has promulgated regulations which provide that all deportation proceedings will be commenced by the issuance and service of an order to show cause. 8 C.F.R. Section 242.1. It is abundantly clear that the contents of the typical order to show cause, as prescribed by the Regulations, meet the standards of Section 242.[1] Petitioner has acknowledged that he received the customary order to show cause. However, he has contended that the order to show cause was deficient since it failed to specify that he might be deported to Hong Kong and did not indicate the basis on which such a request would be made.

Section 243 of the Act, 8 U.S.C. Section 1253, specifies the countries to which an alien may be deported.[2] Thus,

---

1. 8 C.F.R. Section 242.1 *Order to show cause and notice of hearing.*

     \*      \*      \*      \*      \*

    (b) *Statement of nature of proceeding.* The order to show cause will contain a statement of the nature of the proceeding, the legal authority under which the proceeding is conducted, a concise statement of factual allegations informing the respondent of the acts or conduct alleged to be in violation of the law, and a designation of the charges against the respondent and of the statutory provisions alleged to have been violated. The order will require the respondent to show cause why he should not be deported. The order will call upon the respondent to appear before a special inquiry officer for hearing at a time and place stated in the order, not less than seven days, after the service of such order, except that where the issuing officer, in his discretion, believes that the public interest, safety, or security so requires, he may provide in the order for a shorter period. The issuing officer may, in his discretion, fix a shorter

period in any other case at the request of and for the convenience of the respondent.

2. Section 1253. *Countries to which aliens shall be deported—Acceptance by designated country; deportation upon non-acceptance by country*

    (a) The deportation of an alien in the United States provided for in this chapter, or any other Act or treaty, shall be directed by the Attorney General to a country promptly designated by the alien if that country is willing to accept him into its territory, unless the Attorney General, in his discretion, concludes that deportation to such country would be prejudicial to the interests of the United States. No alien shall be permitted to make more than one such designation, nor shall any alien designate, as the place to which he wishes to be deported, any foreign territory contiguous to the United States or any island adjacent thereto or adjacent to the United States unless such alien is a native, citizen, subject, or national of, or had a residence in such designated foreign contiguous

initially an alien is permitted to designate the country to which he wishes to be deported. In the absence of such a designation, or if the chosen country refuses to accept the alien, or if the Attorney General finds that deportation to the particular country would be prejudicial to the interests of the United States, deportation may then be ordered to any country where the alien is a subject, national or a citizen. If the preceding country refuses to accept the alien or if the country fails to notify the Attorney General of its acceptance within three months or what the Attorney General deems to be a reasonable time, then deportation may be ordered to any country which satisfies the requirements of one of the subsections of Section 243. Thus in the instant case, at the deportation hearing, petitioner's counsel informed the Inquiry Officer that petitioner did not wish to exercise his privilege of selecting a country for deportation.

The officer thereupon proceeded to the second stage and asked counsel if there would be an objection under Section 243 (h), 8 U.S.C. Section 1253(h),[3] if petitioner was deported to his country of nationality, namely Formosa. After counsel responded that there would be no Section 243(h) application, the Special Inquiry Officer asked the Government whether it sought an alternative country as the place of deportation and the suggestion of Hong Kong followed. This request was premised on the fact that Hong Kong qualified under at least three subdivisions of 243(a).[4] At this juncture petitioner's counsel interposed his objection relating to the alleged defect in the order to show cause. While the Special Inquiry Officer rejected this contention, he offered petitioner an adjournment in order to give him an opportunity to deal adequately with the question whether Hong Kong was a country which should be included in the

territory or adjacent island. If the government of the country designated by the alien fails finally to advise the Attorney General within three months following original inquiry whether that government will or will not accept such alien into its territory, such designation may thereafter be disregarded. Thereupon deportation of such alien shall be directed to any country of which such alien is a subject national, or citizen if such country is willing to accept him into its territory. If the government of such country fails finally to advise the Attorney General or the alien within three months following the date of original inquiry, or within such other period as the Attorney General shall deem reasonable under the circumstances in a particular case, whether that government will or will not accept such alien into its territory, then such deportation shall be directed by the Attorney General within his discretion and without necessarily giving any priority or preference because of their order as herein set forth either—

(1) to the country from which such alien last entered the United States;

(2) to the country in which is located the foreign port at which such alien embarked for the United States or for foreign contiguous territory;

(3) to the country in which he was born;

(4) to the country in which the place of his birth is situated at the time he is ordered deported; '

(5) to any country in which he resided prior to entering the country from which he entered the United States;

(6) to the country which had sovereignty over the birthplace of the alien at the time of his birth; or

(7) if deportation to any of the foregoing places or countries is impracticable, inadvisable, or impossible, then to any country which is willing to accept such alien into its territory.

3. Section 1253. *Countries to which aliens shall be deported* * * *. *Withholding of deportation*

(h) The Attorney General is authorized to withhold deportation of any alien within the United States to any country in which in his opinion the alien *would be subject to persecution* on account of race, religion, or political opinion and for such period of time as he deems to be necessary for such reason.

4. These are subdivisions (1), (2) and (5). The Special Inquiry Officer also felt that since petitioner was previously a resident of Hong Kong and had embarked from there, it was thought that he would be welcome there. Section 243(a) (7).

direction of deportation. This offer was rejected.

 We fail to see any validity in petitioner's argument and are in substantial agreement with the opinion of the Board of Immigration Appeals. An order to show cause merely enables the immigration authorities to obtain direct jurisdiction over the person of the alien and it sets "in motion an inquiry which may follow broad lines, possibly eliminating the presently alleged ground for deportation and substituting another, and possibly eliminating all so that the alien's residence here may remain undisturbed." Haymes v. Landon, 115 F. Supp. 506, 508 (S.D.Cal.1953). In other words, the issuance and personal service of the order to show cause is the prescribed method of commencing the proceeding. There is no necessity at this early stage in the deportation process to specify the country to which an alien might be deported nor the grounds on which he may be deported to a particular country. In the first place, the alien may never actually be deported and in that case the question of the place of deportation becomes moot. Secondly, the alternative deportation provisions contained in Section 243(a)(1)–(7) only come into play if the alien has not been able to satisfactorily designate a country or if his country of nationality rejects him. Neither the specific provisions of the immigration statute nor the regulations issued thereunder, require, in the order to show cause, the designation of the country to which the Immigration Service proposes to deport an alien. We agree with the Board of Immigration Appeals that there is no sound legal logic for imposing such a requirement. The petitioner in the instant case was given a fair hearing and had an adequate opportunity in which to contest the possibility of his deportation to Hong Kong.[5]

The statutory stay is hereby vacated. Petition denied.

---

5. Only recently we have refused to reverse a denial of an application for a stay of deportation, under Section 243(h) of the Act, sought by alien crewmen who were awaiting deportation to Hong Kong. Cheng Kai Fu v. Immigration and Naturalization Service, 386 F.2d 750 (2d Cir. 1967).