## MATTER OF ANUNCIACION

### In Deportation Proceedings

### A-14438768

*Decided by Board July 25, 1968*

(1) A special inquiry officer, prior to designation of a country of deportation in accordance with section 243(a) of the Immigration and Nationality Act, is not required to make inquiry of such country as to its willingness to accept the alien into its territory.

(2) A special inquiry officer is not required to designate an alternate country of deportation under section 243(a) of the Act; such officer has the discretion to specify countries of deportation in the singular or plural (8 CFR 242.17(c)).

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251]—Nonimmigrant (exchange visitor)—remained longer.

ON BEHALF OF RESPONDENT:  
Irving I, Freedman, Esquire  
134 North La Salle Street  
Chicago, Illinois 60602

ON BEHALF OF SERVICE:  
Robert A. Vielhaber  
Appellate Trial Attorney

This case is before us on appeal from a special inquiry officer's order of February 19, 1968, granting the respondent the privilege of voluntary departure, but providing deportation from the United States to the Republic of the Philippines, on the charge contained in the order to show cause, in the event of here failure to so depart. The appeal will be dismissed.

The respondent is a 24-year-old single female. She admitted, through her attorney, that she is an alien, a native and citizen of the Philippines, who entered the United States at Honolulu, Hawaii on January 30, 1965, at which time she was admitted as an exchange visitor. She also admitted that she was authorized to remain in the United States until November 25, 1967 and that she has remained beyond that date. She declined, however, to admit deportability on the charge contained in the order to show cause.

Exhibits 2, 3, and 4 were incorporated in the record over objection by counsel. After stating that her name is Emerenciana G. Anuncia-

cion, the respondent, upon the advice of her attorney, declined to answer any questions relating to these documents. But she did not deny that they related to her, and no evidence was presented to show that they did not pertain to her.

Exhibit 2 is a Form DSP-66, Certificate of Eligibility for Exchange Visitor Status, which states that the Albert Einstein Medical Center, Philadelphia, Pennsylvania has selected the exchange visitor, Emerenciana Guillen Anunciacion, a native and citizen of the Philippines, to participate in its Exchange Visitor Program Number P-II-616. Exhibit 2 is also endorsed to show that the person named therein was admitted to the United States at Honolulu, Hawaii on January 30, 1965 as Class J-1 (exchange visitor) until January 29, 1966.

Exhibit 3 is a Form I-94, Arrival-Departure Record, showing that Emerenciana Anunciacion, a native and citizen of the Philippines, was admitted to the United States at Honolulu, Hawaii on January 30, 1965 as Class J-1 until January 29, 1966, destined to the Albert Einstein Medical Center, Philadelphia, Pennsylvania. The reverse of Exhibit 3 shows that Emerenciana Anunciacion was granted an extension of temporary stay to December 31, 1966.

Exhibit 4 is a Certificate of Eligibility for Exchange Visitor Status which certifies that the St. Francis Hospital, Evanston, Illinios, as sponsor, has selected Emerenciana Anunciacion to participate in its Exchange Visitors Program Number P-II-471 and that the responsible officer of the Exchange Visitor Program Number P-II-616 at Albert Einstein Medical Center certified that he is of the opinion that the transfer of the above-named exchange visitor to Exchange Visitor Program Number P-II-471 is necessary or desirable in view of the purpose for which she was admitted to the United States. Exhibit 4 also bears an endorsement showing that the transfer and extension of stay of Emerenciana Anunciacion were approved by the District Director, Philadelphia, Pennsylvania.

Exhibits 2, 3, and 4 bear the same name as that of the respondent and corroborate her pleading to the allegations in the order to show cause. In the absence of any evidence to the contrary, it is concluded that these documents relate to the respondent. Based upon the respondent's pleading and the documentary evidence aforesaid, it is concluded that the respondent's deportability on the charge contained in the order to show cause has been established by evidence which is clear, unequivocal and convincing. All we can add, in this connection, is that the issue of deportability has not been raised on appeal.

The special inquiry officer has granted the respondent the privilege of voluntary departure, which was the only relief requested of him. Suffice it to say, in this connection, that the record before us supports his action in this respect.

The respondent was given an opportunity to designate the country of deportation, in the event such action was required, and she declined to do so. The special inquiry officer then specified the Republic of the Philippines as the country of deportation in the event such action should become necessary. The special inquiry officer then further advised the respondent of the provisions of section 243(h) of the Immigration and Nationality Act, but she declined, through her attorney, to apply for temporary withholding of her deportation to that country.

The first reason given for the taking of the appeal is that the special inquiry officer erred in designating the Republic of the Philippines as the country to which the respondent would be deported, in the absence of evidence that such country would accept her as a deportee. Counsel, however, has advanced no arguments in support of this position. Neither has he cited authority compelling such a conclusion. Simply stated, the contention is patently without merit.

Section 242(b) of the Immigration and Nationality Act (8 U.S.C. 1252) sets out the procedure for dealing with the deportation of aliens, and provides that a special inquiry officer shall conduct proceedings under that section to determine the deportability of any alien. Pursuant to the authorization contained in that section of the law, the Immigration and Naturalization Service has promulgated regulations (8 CFR 242.1 et seq.) which have been held to meet the standards of the statute.[1] 8 CFR 242.8 spells out the authority of the special inquiry officer to make decisions, including determinations as to the country to which an alien's deportation will be directed in accordance with section 243(a) of the statute (8 U.S.C. 1253), but it does not authorize or require him to make inquiry of the country selected as to whether or not it will accept the alien as a deportee. The reason, practically speaking, is that this is a ministerial function properly for performance by the appropriate District Director of the Immigration and Naturalization Service, acting through his duly designated subordinates, after the order of deportation has become final.

Obviously, if the respondent takes advantage of the voluntary departure privilege granted her, the question of place of deportation would then become moot and, from a realistic standpoint, the procedure desired by counsel would then constitute "putting the cart before the horse." Actually, in this connection, the question of whether or not a specified country will accept the alien as a deportee is one of comity concerning solely the United States and the country in question, and

---

[1] *Ho Yeh Sze* v. *Immigration and Naturalization Service* 389 F.2d 978; see also, Int. Dec. No. 1811, BIA, 11/22/67.

the rights of the alien are in no way infringed by failure to make the inquiry prior to designation of the country. All we can add on this point is that, obviously, the United States cannot deport an alien to a country which will not accept her, and that this respondent declined an opportunity to designate the country to which she wished to be deported.

The second reason given for the taking of the appeal is that the special inquiry officer failed to designate an alternate country or countries of deportation, thereby depriving the respondent of an opportunity to apply for temporary withholding of her deportation thereto. Again, however, counsel for the respondent has failed to advance any arguments in support of this proposition; nor has he made reference to any provision of the law and the regulations, or judicial or administrative authority, compelling acceptance of it. We find the contention to be without any merit whatsoever.

The respondent having failed to designate any country of deportation, the special inquiry officer was required by section 243(a) to specify as the place of deportation the country of which the respondent is a subject, national or citizen, in this instance the Republic of the Philippines. Said country also appears to be the one where the respondent resided prior to entering the United States, and the one from which she last entered this country. Also, the respondent has not referred to any other country which can possibly qualify as a place of deportation under section 243(a) of the Immigration and Nationality Act. Moreover, the special inquiry officer has the discretion to specify places of deportation in the single or plural (8 CFR 242.17 (c)).

Finally, in the unlikely event that the Republic of the Philippines refuses to accept the respondent as a deportee, then the proceedings will have to be reopened for the designation of another country of deportation. The respondent will then have the right to apply for temporary withholding of deportation to the country or countries of deportation selected at that time.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.