## MATTER OF CHAVARRI-ALVA

### In Deportation Proceedings

### A-20010454

### *Decided by Board March 29, 1973*

Where the special inquiry officer's decision in deportation proceedings was rendered on January 17, 1973; Notice of Appeal therefrom, although dated January 26, 1973, was not filed by the alien's attorney until March 2, 1973; and none of the grounds of appeal stated in the Notice presented a cognizable issue, the Board of Immigration Appeals dismissed the appeal for lack of jurisdiction as untimely.[*]

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—remained longer than permitted.

ON BEHALF OF SERVICE: William S. Howell
Trial Attorney

In *Matter of Gamboa*, Interim Decision No. 2176 (BIA, 1972), we noted in passing that, "The ingenuity and inventiveness of some attorneys in devising grounds of appeal plausible on their face but bearing no realistic relation to the record is simply astounding." This is such a case.

Before us is an untimely appeal from an order of an immigration judge[1] dated January 17, 1973, finding the respondent deportable and granting him the privilege of departing voluntarily on or before March 15, 1973. The notice of appeal to this Board, though dated January 26, 1973, was not filed with the Immigration and Naturalization Service until March 2, 1973. Following the procedure suggested in *Matter of Gamboa, supra,* the Service forwarded the record to us without delaying to transcribe the hearing. In an accompanying memorandum, a copy of which was directed to counsel, the Service's Trial Attorney set forth the basis for his conclusions that the appeal can be adequately considered without a transcript and that the appeal should be summarily dismissed.

---

[1] Special inquiry officers are now referred to as immigration judges.

[*] Cert. denied 414 U.S. 861 (1973).

The notice of appeal filed in this case is similar in many ways to notices of appeal filed by the same attorney in the cases of many other aliens which have come before us in recent months. The same or similar "boilerplate" grounds for appeal are stated, none of which appears to set forth an issue cognizable by this Board, and the same technique of back-dating a notice of appeal to make it seem timely is apparently employed. We think it is high time to comment on the procedures involved, for the benefit of both this attorney and others newly embarked on an immigration practice.

To make sure that no possible right of the respondent has been overlooked, we have requested the Service to send us a transcript of the hearing. The record as thus augmented reveals the following facts: The respondent is a married male alien, a native and citizen of Peru, who was admitted to the United States on or about February 1, 1970 as a nonimmigrant visitor for a temporary period until May 1, 1970 and remained here thereafter without permission. At the hearing before the immigration judge on January 17, 1973, respondent was examined through a Spanish interpreter. Notified of his right to be represented by an attorney of his own choice without expense to the Government, respondent elected to proceed without a lawyer. He admitted the truth of the factual allegations of the order to show cause and conceded deportability.

Because of respondent's failure to designate a country of deportation, the immigration judge specified Peru as the country and notified respondent of his right to apply for withholding of deportation to Peru under section 243(h) of the Immigration and Nationality Act. Respondent testified that he had been a wholesale distributor of medical supplies in Peru, had been engaged in politics there since he was 13 years old, but was never a member of the government in Peru. It was brought out that respondent had previously made a statement to Service officers with respect to a claim for political asylum and that the State Department had expressed the opinion that he would not be persecuted.[2] Respondent conceded that he would not be persecuted in Peru because of his race, religion, or political beliefs but expressed the view that, "with the present Government in the near future, all the Atristas will be persecuted," although he has no evidence of this. Following a discussion off the record, the immigration judge stated that the respondent had admitted that he has no persecution claim and would not file an application. Respondent's application for volun-

[2] In his memorandum of March 12, 1973, transmitting the record to us, the Trial Attorney states, in part, "This alien's situation was reviewed by the Department of State on a possible claim to political asylum and was rejected by their letter dated August 11, 1972." A copy of the State Department's letter was not forwarded to us.

tary departure was granted and he was given until March 15, 1973 to depart.

At the conclusion of the hearing, the immigration judge informed the respondent, "Inasmuch as you admitted you were deportable and I have granted you in excess of 30 days in which to depart, there is no appeal from this decision." Technically, this advice was incorrect. Under the exception to 8 CFR 3.1(b), such an order is not appealable only "if the *sole* ground of appeal is that a greater period of departure time should have been granted." (Emphasis added.) Conceivably, another (though perhaps frivolous) ground of appeal could have been asserted. See *Matter of Gamboa, supra.* We think the immigration judge should properly have notified the respondent of his right to appeal, as required by 8 CFR 242.19(b), and given him the opportunity to waive appeal, if he chose. We shall, therefore, not consider this case as one in which appeal has been waived. In any event, since we have carefully reviewed the record to see if there is any merit to the appeal, respondent has not been prejudiced by any inadequacy in the immigration judge's flat statement that there is no appeal.

This brings us to the notice of appeal itself. It is dated January 26, 1973, which would be within the time limit specified in 8 CFR 242.21. It was not filed, however, until March 2, 1973, when it was clearly out of time. No explanation has been offered for the seeming delay. If counsel was actually retained by the respondent by January 26, 1973 and prepared the notice of appeal on that date, we have reason (and perhaps so has the respondent) to wonder why counsel delayed filing until March 2, 1973, when it was too late by far. Another possibility is that counsel was not retained until later and that he back-dated the notice of appeal in an attempt to make it appear timely. Such an attempt at deception, though ineffectual, should not pass unnoticed.

Three grounds of appeal are stated in the notice of appeal. Not one of them relates to the evidence developed at the deportation hearing or to the issues which were raised, or could have properly been raised, at that hearing. This Board, as an appellate tribunal, normally reviews the decision of the immigration judge on the basis of the administrative record underlying his decision and in light of the grounds for appeal stated in the notice of appeal. If counsel seeks to raise an issue on the basis of new facts not developed of record, the proper procedure is to move for reopening under 8 CFR 242.22 so that the new evidence, if relevant, may be made part of the record and furnish the basis for a new decision by the immigration judge, rather than to file a notice of appeal to this Board based on facts not of record. We see no reason, however, to remand this case to the immigration judge for the purpose of

enabling counsel to present evidence substantiating the new factual allegations of the notice of appeal. None of the grounds of appeal presents an issue cognizable either by the immigration judge or by this Board on appeal.

The first ground of appeal states, "Appellant is a native and citizen of Peru and has a pending application for a change of status under section 203(a)(7) of the Immigration & Nationality Act. His life is in great danger if forced to return to Peru." We need not pause to consider whether respondent, while in the United States, is eligible to apply for section 203(a)(7) conditional entry under 8 CFR 235.9 or whether, as a Western Hemisphere native, he is eligible for adjustment under the proviso to section 203(a)(7) in view of 8 CFR 245.4 and the limitations of section 245(c) of the Act. The fact remains that the determination of such applications has been delegated to the Service's District Directors, and not to the immigration judges or this Board. Deportation proceedings against a deportable alien need not be withheld or postponed pending his pursuit of such possible collateral remedies, *Bowes* v. *District Director*, 443 F.2d 30 (C.A. 9, 1971); *Armstrong* v. *INS*, 445 F.2d 1395 (9 Cir., 1971); *Manantan* v. *INS*, 425 F.2d 693 (C.A. 7, 1970). The assertion that respondent's life is in great danger if forced to return to Peru is, as we have seen, unsupported by the record.

The second ground of appeal states, "The District Director's decision was an abuse of discretion and contrary to the dictates of the Immigration & Nationality Act." The record before us is barren of any reference to a District Director's decision and the notice of appeal does not inform us what that decision involved. In any event, there is nothing to indicate that the District Director's decision, whatever it was, is within this Board's appellate jurisdiction as defined in 8 CFR 3.1(b).

The third ground for appeal states, "Eastern hemisphere aliens are entitled to immigrate into the United States while being physically present in this country. Due to discrimination, western hemisphere aliens are not allowed to avail [sic] of this right. This is a denial of the equal protection clause of the Constitution." There is nothing in the record before us to indicate that the immigration judge invoked any provision of the Act which discriminates against respondent by reason of his birth in the Western Hemisphere. At any rate, neither this Board nor the immigration judges may consider such a challenge to the statutes we administer, *Matter of L—*, 4 I. & N. Dec. 556 (BIA, 1951); *Matter of Santana*, 13 I. & N. Dec. 362 (BIA, 1969).

We are satisfied from our review of the record that there is no merit to this untimely appeal and we, therefore, see no reason to

take the case on certification under 8 CFR 3.1(c). Had the appeal been timely, on dismissal the respondent would still have had access to the voluntary departure privilege, *Matter of Villegas Aguirre*, 13 I. & N. Dec. 139 (BIA 1969). The voluntary departure privilege has now expired. To restore it now on the basis of an untimely appeal so lacking in merit would only encourage similar attempted appeals in equally meritless cases. We shall, therefore, dismiss the appeal for lack of jurisdiction as untimely, without more.

**ORDER:** The appeal is dismissed for lack of jurisdiction as untimely.