MATTER OF CHERY AND HASAN

In Deportation Proceedings

A-20187385

A-19653626

*Decided by Board July 2, 1975*

Orders to show cause charging respondents with deportability under section 241(a)(2) of the Immigrat.on and Nationality Act for having remained longer than permitted after admission as nonimmigrant visitors were not defective for failure to include a reference to 8 CFR 214.1(a). The orders to show cause, which concisely set forth the specific nonimmigrant classification under which respondents were admitted to the United States, the specific period(s) of authorized admission, the acts or conduct in violation of law and a description of the statutory provisions(s) alleged to have been violated, were sufficiently explicit to inform respondents so as to enable them to mount a defense.

CHARGES:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—nonimmigrant visitor— —remained longer than permitted (both respondents)

ON BEHALF OF RESPONDENTS:  
Brian R. Hersh, Esquire  
Allan Seserman, Esquire  
602 Biscayne Building  
19 West Flag er Street  
Miami, Florida 33130

ON BEHALF OF SERVICE:  
Henry J. Scroope, Jr.  
Trial Attorney

Paul C. Vincent  
Appellate Trial Attorney

These cases present an appeal by the Service from a decision of the immigration judge on August 26, 1974, ordering the charges therein be dismissed without prejudice. The appeal will be sustained and these cases remanded to the immigration judge for further consideration.

We have carefully reviewed the contentions of both parties on appeal and conclude that the decision below was not correct in holding the orders to show cause defective for failure to include a reference to 8 CFR 214.1(a). We have no quarrel with the immigration judge's exposition (pp. 4–6) of the legal principles involved in this matter. It is with the application of these principles to these cases that we differ.

8 CFR 242.1 provides, inter alia, that every proceeding under the immigration laws "to determine the deportability of an alien in the United States is commenced by the issuance and service of an order to

show cause by the Service." The order to show cause states "Upon inquiry conducted by the Immigration and Naturalization Service, it is alleged that:" and informs the alien of the nature of the proceedings and the legal authority under which the proceedings are conducted. It sets forth a concise set of factual allegations of the acts or conduct in violation of the law, and a description of the statutory provision(s) alleged to have been violated. Its purposes are to obtain direct jurisdiction over the person of the alien, to advise him of his alleged violation with sufficient precision to allow him to defind himself, and to set in motion and inquiry in which the Service must establish that a violation occurred, and the alien has a opportunity to defend himself. See *Matter of Ho*, 12 I. & N. Dec. 516 (BIA 1967); aff'd sub nom. *Ho Yeh Sze* v. *INS*, 389 F.2d 978 (C.A. 2, 1968); cert. denied 390 U.S. 1040 (1968).

The order to show cause in the case of Andre Chery states that he is a native and citizen of Haiti, that he entered the United States at Miami, Florida, on or about May 13, 1973; that he was admitted as a nonimmigrant visitor for pleasure until May 16, 1973, without authorization of the Service. The order to show cause in the case of Mahmudul Hasan states that he is a native of Malaysia and a citizen of Pakistan; that he entered the United States at New York on or about January 10, 1970; that he was admitted as a nonimmigrant student until June 29, 1970 and was thereafter authorized to remain in the United States until October 10, 1973; and that he has remained in this country beyond October 10, 1973 without authorization of the Service. In each instance the order to show cause then informs the alien that on the basis of these allegations he is charged with being in the United States in violation of the Immigration and Nationality Act (Section 241(a)(2)) and hence deportable, specifically for having entered as a nonimmigrant under section 101-(a)(15) of that Act and having remained longer than permitted.

We regard these allegations as sufficiently explicit to inform the alien in each instance what actions were in violation of the law, and what law he violated, so as to enable him to mount a defense. It tells him that, according to the government, he came as a nonimmigrant for a specific period of time. Common sense would dictate that a visitor to this country is not allowed to remain here forever, even apart from the statutory references in the order to show cause or the provisions of the published regulations (8 CFR 214.1(a)). The Act contemplates that an alien who is legally entitled to remain in the United States will have a status permitting his presence here (Section 291). Each alien was informed of the time periods in question. If they were erroneously stated, or if authorization for longer stays existed, then each had notice sufficient to allow him to clarify his position. We see no "vagueness" in this, as found by the immigration judge.

In reaching this conclusion we are bolstered by the fact that in

thousands of cases in which these basic factual allegations, and charge have been used, since the Act of May 19, 1921 (42 Stat 5) recognized a nonimmigrant category, not once, to the best of our knowledge, has any substantial challenge along these lines come to the attention of this Board. Not only is this long standing administrative practice entitled to weight, *(Nazareno et al.,* v. *Attorney General of the United States,* 512 F.2d 936, 940 (CADC 1975)), but, more importantly, in this instance, it is a clear indication of an absence of confusion or misunderstanding. We are satisfied that the orders to show cause were clear and specific and termination on this ground was not warranted, cf. *Matter of Loo,* 15 I. & N. Dec. 127 (BIA 1974).

Further, in response to the contentions of counsel that the respondents were denied due process and that section 241(a)(2) of the Immigration and Nationality Act, as amended, is void for vagueness and overbreadth, we find satisfactory compliance with procedural due process requirements, and neither this Board nor the immigration judge may rule on the constitutionality of the statutes which we administer. See *Matter of Chavarri-Alva,* 14 I. & N. Dec. 298 (BIA 1973); *Matter of Santana,* 13 I. & N. Dec. 362 (BIA 1969); *Matter of L-,* 4 I. & N. Dec. 556 (BIA 1951).

The respondents have admitted all the factual allegations contained in the order to show cause. They are nonimmigrants; they have remained longer than authorized; and they are here without authorization. Deportability has been established by clear, convincing and unequivocal evidence. The appeal is sustained and the cases remanded for further consideration of applications for discretionary relief.

ORDER: The appeal of the Service is sustained.

*Further order:* These cases are remanded to the immigration judge for further proceedings consistent with the foregoing opinion.