### UNITED STATES ex rel. LUDWIG v. WATKINS, Dist. Director of Immigration, etc.

No. 89, Docket 20784.

Circuit Court of Appeals, Second Circuit.

Nov. 26, 1947.

George C. Dix and David S. Kumble, both of New York City, for appellant.

John F. X. McGohey, U. S. Atty., of New York City (Harold J. Raby, Asst. U. S. Atty., of New York City, of counsel; R. A. Vielhaber, Atty., U. S. Department of Justice, Immigration and Naturalization Service, of New York City, on the brief), for appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

By writ of habeas corpus the relator sought release from custody by the respondent who was holding him at Ellis Island for deportation to Germany pursuant to a warrant of deportation, dated June 30, 1947,

which was issued on the ground that he was an immigrant not in possession of an unexpired immigration visa. At the hearing upon the respondent's oral return to the writ the following facts were stipulated: The relator is a native of Germany. About 1914 he went to Nicaragua where he remained until 1942, when he was brought to the United States under armed guard on a United States Army Transport plane, on which he was placed by representatives of the United States Government. On his arrival here he was interned as an enemy alien but later was paroled for work. On February 19, 1946 he was given a hearing by the Immigration Service at which he was informed that he had the alternative of going to a country of his own choice at his own expense or being returned to Nicaragua at government expense. He accepted the Government's offer to return him to Nicaragua at government expense. Thereafter, without any notification to him that the Government's offer was withdrawn, the writ of deportation under which he is now held was issued. At the conclusion of the hearing, the writ of habeas corpus was dismissed and the relator was remanded to custody of the respondent; a stay of deportation was granted but bail pending appeal was refused.

■ In United States ex rel. Bradley v. Watkins, 163 F.2d 328 this court held that an alien seized by the United States Navy in Greenland, brought to the United States against his will and interned for security reasons as an alien enemy could not be deported as an "immigrant"—at least, not before he had been afforded an opportunity to depart voluntarily. The appellee contends that the Bradley case should be limited to prisoners of war and is therefore inapplicable to the case at bar. So the district court held. This was erroneous. Bradley, a Norwegian, was not brought here as a prisoner of war; the United States was not at war with Germany or Japan at the time he was brought here, nor were we at war with Norway at any time during his internment. The theory of the Bradley decision, as the majority opinion makes clear, is that an alien brought here by agents of the United States against his will is not an "immigrant" within the mean-

ing of the immigration laws. That construction of the statute, so long as it remains unreversed, is decisive that Ludwig was not deportable as an "immigrant" not in possession of an immigration visa.

■■ Since Ludwig was brought in as an enemy alien the United States should treat him as such for purposes of removal. Hence he has the right of voluntary departure, and only after his refusal or neglect to leave may the Government deport him. 50 U.S.C.A. § 21; United States ex rel., Von Heymann v. Watkins, 2 Cir., 159 F. 2d 650. In view of his acceptance of the Government's offer to return him to Nicaragua at government expense, which was never withdrawn before his arrest on the warrant of deportation, it cannot be held that the statutory condition precedent to the Government's right to deport him as an enemy alien has as yet been fulfilled.

The order is reversed with directions to sustain the writ and discharge the appellant from custody of the respondent.