## UNITED STATES ex rel. SCHIRRMEISTER v. WATKINS.

### No. 127, Docket 21191.

United States Court of Appeals
Second Circuit.

Jan. 12, 1949.

---

George G. Shiya, of New York City, for relator-appellant.

William J. Sexton, Asst. U. S. Atty., of New York City (John F. X. McGohey, U. S. Atty., and Alvin Lieberman, Atty., U. S. Dept. of Justice, Immigration and Naturalization Service, both of New York City, on the brief), for respondent-appellee.

Before SWAN, AUGUSTUS N. HAND and CLARK, Circuit Judges.

CLARK, Circuit Judge.

Relator, a German citizen born in Germany in 1914, was brought to the United States from Colombia for internment by the Immigration and Naturalization Service pursuant to Presidential warrant as an alien enemy dangerous to the United States in time of war. When proceedings against him as an alien enemy were terminated the Service then sought to deport him, to Colombia if practicable, otherwise to Germany. The district court dismissed the writ of habeas corpus, which he sought to challenge the deportation order, and he has appealed.

Relator's period of residence in Colombia began in March, 1938. He was arrested by Colombian authorities on April 12, 1944, and placed in American custody, arriving in the United States on board an Army Transport on July 2, 1944, after a brief internment in the Canal Zone. He was interned, in the custody of the Immigration and Naturalization Service, at Camp Kennedy, Texas, and Fort Lincoln, North Dakota. Thereafter, on or about February, 1946, he was transferred to Ellis Island, New York, where he was released from custody on March 21, 1946. The warrant for his arrest under the Immigration Act of 1924, as an immigrant not in possession of the proper documents at the time of entry, was issued on April 2 and served on August 20, 1946. After a hearing the presiding inspector found that he was subject to deportation under the Act, 8 U.S.C.A. §§ 213, 214, for lack of a valid immigration visa at the time of entry and that he was ineligible for voluntary departure in lieu of deportation. But these conclusions were modified on review by the Acting Commissioner and the Board of Immigration Appeals to permit him to depart voluntarily and giving him 90 days in which to effect his departure. On June 10, 1947, he was notified "that unless departure is effected in accordance with the foregoing it is proposed to order deportation."

At the expiration of the 90 days, relator had not departed, although he had made unsuccessful attempts to obtain visas for Colombia and Argentina. The Acting Commissioner thereupon ordered his deportation, at Government expense, to Colombia if practicable, otherwise to Germany, and a warrant of deportation was issued November 10, 1947. On April 8, 1948, the Board of Immigration Appeals dismissed relator's appeal from the deportation order, and he surrendered on May 14, 1948. This court action was then instituted.

In a series of recent cases we have held that an alien forcibly brought into the United States, as was the relator here, has not made an "entry" into the country

and is not an "immigrant" subject to deportation under the immigration laws. But in each of these cases we expressly confined our holding to a situation where the alien had been afforded no opportunity to depart voluntarily. In United States ex rel. Bradley v. Watkins, 2 Cir., 163 F.2d 328, 332, we said: "We do not decide what action is open to remove him if he shall fail to make good this proposal [to ship out as a seaman on a foreign bound vessel]." In United States ex rel. Ludwig v. Watkins, 2 Cir., 164 F.2d 456, 457, we said: "Hence he has the right of voluntary departure, and only after his refusal or neglect to leave may the Government deport him." The statute there cited is 50 U.S.C.A. § 21, providing for removal of enemy aliens by executive order and construed in United States ex rel. Von Heymann v. Watkins, 2 Cir., 159 F.2d 650. See Ludecke v. Watkins, 335 U.S. 160, 68 S.Ct. 1429; United States ex rel. Dorfler v. Watkins, 2 Cir., 171 F.2d 431. In United States ex rel. Paetau v. Watkins, 2 Cir., 164 F.2d 457, 458, we expressed the view that the ordinary proceedings for deportation would eventually become available, saying, "There would seem to be statutory authority for the eventual removal of an alien whose entrance originally involuntary becomes clearly voluntary by his continued unforced stay."

Such indeed is the situation here. While the original deportation proceedings in 1946 were ineffective, since relator had not made a voluntary entry, and could not therefore be treated as an immigrant with respect to his enforced entry, nevertheless his subsequent refusal to depart, after being given ample opportunity, well beyond the 90 days allowed in the order, makes his presence here voluntary. Since he was brought here against his will, he is entitled to depart as and whither he pleases, provided only that he can gain admission at his chosen destination. But he is not entitled to depart when he pleases, or to remain here indefinitely, simply because he did not choose to come here in the first place. When he chooses to stay beyond the time he was compelled to remain, then it should be held that he has made the entry and is here in violation of the Act, 8 U.S.C.A. § 214. It is to be noted that the general statute, 8 U.S.C.A. § 155, dealing with the "deportation of undesirable aliens generally," includes "any alien who shall have entered or who *shall be found* in the United States in violation of this chapter, or in violation of any other law of the United States." (Italics supplied.) Such power to deport therefore exists quite apart from the authority to the executive to remove him as an alien enemy under 50 U.S.C.A. § 21. Having neglected his opportunity to depart, he has forfeited his right to remain, and may be deported at an immigrant who has not satisfied the requirements of the immigration laws.

Affirmed.

SWAN, Circuit Judge (dissenting).

I have not been able to determine what particular section of the immigration statutes my brothers rely upon to justify deportation of the appellant as a violator of those statutes. The presiding inspector found that he was subject to deportation under the Act, 8 U.S.C.A. §§ 213, 214, for lack of a valid immigration visa at the time of entry. The entry referred to, I take it, was July 2, 1944, when he was brought here against his will on board an Army Transport as an alien enemy. Under our recent rulings he did not then make an "entry," nor was he an "immigrant." Consequently section 213 did not require him then to possess an unexpired immigration visa. Nor can I gather from my brothers' opinion whether they hold that he later made an "entry" which required him at that time to be in possession of an unexpired immigration visa. Apparently they rely upon the provision in 8 U.S.C.A. § 214 which states that

"Any alien who at any time after entering the United States is found * * * to have remained therein for a longer time than permitted under this chapter or regulations made thereunder, shall be taken into custody and deported in the same manner as provided for in sections 155 and 156 of this title."

The difficulty in applying this provision to the appellant is that the opinion does not specify what statutory provision or regulation defines the time he is permitted to re-

main after "entry"; nor does the opinion indicate the date when his "entry" was made.

The opinion makes reference also to 8 U.S.C.A. § 155 which permits the deportation of "any alien · * * * who shall be found in the United States in violation of this chapter, or in violation of any other law of the United States". But again the opinion does not specify the particular provision of "this chapter" or of "any other law" which has been violated by the presence of the appellant in the United States.

An indication that the Government itself recognizes that aliens brought to the United States as was the appellant should be dealt with as alien enemies rather than immigrants is to be found in Presidential Proclamation No. 2685, of April 10, 1946, 60 Stat. Part 2, 1342, 50 U.S.C.A. § 21 note. This provides

"1. All alien enemies within the continental limits of the United States brought here from other American republics after December 7, 1941, who are within the territory of the United States without admission under the immigration laws, shall, if their continued residence in the Western Hemisphere is deemed by the Secretary of State to be prejudicial to the future security or welfare of the Americas, be subject upon the order of the Secretary of State to removal from the United States and may be required to depart therefrom in accordance with such regulations as the Secretary of State may prescribe.

"2. In all cases in which the Secretary of State shall have ordered the removal of an alien enemy under the authority of this proclamation or in which the Attorney General shall have ordered the removal of an alien enemy under the authority of Proclamation No. 2655 of July 14, 1945, thirty days shall be considered, and is hereby declared to be, a reasonable time for such alien enemy to effect the recovery, disposal, and removal of his goods and effects, and for his departure."

In United States ex rel. Ludwig v. Watkins, 164 F.2d 456, 457 we held that since the relator there involved was brought in as an alien enemy, the United States should treat him as such for purposes of removal. I do not doubt that under 50 U.S.C.A. § 21 and Presidential Proclamation No. 2655, 59 Stat. Part 2, 870, the Attorney General may cause the appellant to be removed if he "shall be deemed by the Attorney General to be dangerous to the public peace and safety of the United States," or that the Secretary of State may cause his removal pursuant to Presidential Proclamation No. 2685. So far as the present record shows the Attorney General released the appellant from custody on March 21, 1946 and no order either by the Attorney General or the Secretary of State directing his removal as an undesirable alien enemy is outstanding.

No doubt it makes little practical difference to an alien whether he be deported as a violator of the immigration statutes or as an undesirable alien enemy, but it is important that the decisions of this court maintain a logically consistent construction of the immigration statutes. I have not been able to find any provision of those statutes which authorizes the deportation of an alien situated as is the appellant. Therefore I think the appellee's custody of the appellant is illegal and that the writ should have been sustained. This, of course, would not preclude removal of the appellant as an alien enemy if the Attorney General or the Secretary of State should hereafter make the necessary finding and order.