**UNITED STATES ex rel. SOMMERKAMP v. ZIMMERMAN, District Director.**

No. 9939.

United States Court of Appeals, Third Circuit.

Argued Nov. 8, 1949.

Dec. 15, 1949.

Karl I. Schofield, Philadelphia, Pa., for appellant.

James P. McCormick, Asst. U. S. Atty., Philadelphia (Gerald A. Gleeson, U. S. Atty. and Frank P. Braden, Philadelphia, Pa., on the brief), for appellee.

Before MARIS and GOODRICH, Circuit Judges, and CLARY, District Judge.

CLARY, District Judge.

This is an appeal from a judgment of the United States District Court for the Eastern District of Pennsylvania discharging a writ of habeas corpus sued out by relator-appellant, Karl I. Zimmerman, District Director, Immigration and Naturalization Service, being respondent.

Appellant was born in Reinfeld, Schleswig Holstein, Germany, on November 20, 1906. He departed from Germany in 1931 and proceeded to the Republic of Guatemala where he was lawfully admitted for permanent residence. At the outbreak of World War No. II he was taken into the custody of the United States Army, as an

alien enemy, and placed aboard a United States Army Transport for removal to the United States, where he arrived at the Port of New Orleans on January 12, 1942. His removal to the United States was a national safety measure of the American Republics, the necessity for which action is not now questioned by counsel for the Appellant. Appellant had no immigration visa, nor was he inspected or admitted by the immigration authorities on January 12, 1942, and he was taken by the United States Army to an internment camp. On January 14, 1944 he was released from detention and was permitted to remain at large on parole as an internee at large. On January 25, 1946 his status as an internee was terminated and he was released from parole pending arrangements for his return to Guatemala. Competent legal authority in the Republic of Guatemala subsequently refused him permission to return to that country and since that time he has remained in the United States.

On January 24, 1946 a warrant for appellant's arrest was issued by the Immigration and Naturalization Service and a hearing pursuant to said warrant was held on September 10, 1946, where he was given a full and fair hearing to show cause why he should not be deported. The Inspector in charge of the hearing recommended appellant's deportation to which no exceptions were filed. On December 5, 1946, after a review of the record, the Commissioner of Immigration and Naturalization Service entered an order for relator's deportation. On December 12th, 1946 the Board of Immigration Appeals affirmed the Commissioner's order.

Thereafter, on April 3, 1947 appellant filed his petition and motion to revoke the order of deportation, and on April 25, 1947 the Commissioner entered an order denying the motion. On June 13, 1947 the Board of Immigration Appeals, after oral argument by counsel for relator, entered an order permitting relator to depart voluntarily from the United States to any country of his choice within 90 days. On August 20th, 1947 appellant filed exceptions to this order and on December 2, 1947, the appellant having failed to depart voluntarily, the Commissioner entered an order for his deporta-

tion. Relator appealed to the Board of Immigration Appeals which, after hearing argument by counsel for appellant on February 12, 1948, granted him an additional period of six months within which to depart voluntarily from the United States. Relator failed to depart and was accordingly taken into custody by the District Director of the Immigration and Naturalization Service on December 13, 1948 for deportation.

Appellant thereupon sued out a writ of habeas corpus in the District Court of the United States for the Eastern District of Pennsylvania on December 13, 1948, returnable on the 10th day of January, 1949. After hearing before Ganey, J., the writ was discharged under date of February 17, 1949. This appeal followed.

█ The matter being before us on an appeal from the discharge of a writ of habeas corpus, the only question for our determination is whether the Relator can be lawfully detained. If sufficient ground for his detention is shown, he is "not to be discharged for defects in the original arrest or commitment". United States, ex rel. Bilokumsky v. Tod, 263 U.S. 149, 158, 44 S.Ct. 54, 57, 68 L.Ed. 221.

The appellant contends that since he was brought into the United States involuntarily, he is not an "immigrant" within the meaning of the Immigration Act of 1924, as that term is defined in Section 3 of the Act, 8 U.S.C.A. § 203, and, therefore, is not subject to deportation under that Act. He further contends that the Executive Department is powerless to deport him as an enemy alien without a finding that his continued residence is prejudicial to the future security or welfare of the Americas, as provided in Presidential Proclamation No. 2685 of April 10, 1946, 60 Stat. part 2, p. 1342, 50 U.S.C.A. § 21 note. It will be necessary here to consider only the first contention.

Appellant argues that he is not an "immigrant" within the meaning of the basic Immigration Act of 1924, as that term is defined in the Act, and, therefore is not subject to deportation. He relies strongly upon United States ex rel. Bradley v. Watkins, 2 Cir., 1947, 163 F.2d 328; United

States ex rel. Ludwig v. Watkins, 2 Cir., 164 F.2d 456; and United States ex rel. Paetau v. Watkins, 2 Cir., 1947 164 F.2d 457 to support his proposition and asks this Court to say that an alien brought into the United States against his will and interned as an enemy alien cannot be deported as an "immigrant" because the definition of "immigrant" in 8 U.S.C.A. § 203, connotes a voluntary action and cannot be applied to persons brought here against their will. While the opinions in the above cited cases do give some support to appellant's contention the court nonetheless indicated therein that if the aliens involved were given an opportunity to depart voluntarily after being released from custody, or if they continued to stay in the United States after they were no longer required so to do, the United States would not be powerless to remove such aliens even though they were brought here involuntarily. In each of the above three cases, the alien involved had not been given an opportunity to depart voluntarily and, therefore, those decisions are inapplicable in the instant case.

When the Second Circuit was squarely faced with the situation involved in the instant case, in the case of United States ex rel. Schirrmeister v. Watkins, 2 Cir., 1949, 171 F.2d 858, it answered the question contrary to the contention of the Appellant in this case. There the relator, a German citizen, was brought to the United States from Colombia for internment, as was appellant in this case. When proceedings against him as an enemy alien terminated, the Immigration and Naturalization Service sought to deport him and to return him to Colombia, if practicable, otherwise to Germany. He was arrested, as was the appellant in this case, under the Immigration Act of 1924, as an immigrant not in possession of the proper documents at the time of entry. After a hearing the presiding inspector determined that he was subject to deportation under the provisions of the Immigration Act, 8 U.S.C.A., §§ 213, 214, for lack of a valid immigration visa at the time of entry and that he was ineligible for voluntary departure in lieu of deportation. These conclusions were modified by the Board of Immigration Appeals to permit him to depart voluntarily and he was given 90 days in which to effect departure. Since he did not leave within the time specified, a warrant of deportation was issued and he was taken into custody. In affirming the order of the District Court discharging the writ of habeas corpus, the Second Circuit Court referred to the Bradley, Ludwig and Paetau cases, saying: "But in each of these cases we expressly confined our holding to a situation where the alien had been afforded no opportunity to depart voluntarily." The Court then concluded its opinion 171 F.2d at page 860, as follows: "When he chooses to stay beyond the time he was compelled to remain, then it should be held that he has made the entry and is here in violation of the Act, 8 U.S.C.A. § 214. It is to be noted that the general statute, 8 U.S.C.A. § 155, dealing with the 'deportation of undesirable aliens generally,' includes 'any alien who shall have entered or who *shall be found* in the United States in violation of this chapter, or in violation of any other law of the United States.' (Italics supplied.) Such power to deport therefore exists quite apart from the authority of the executive to remove him as an alien enemy under 50 U.S.C.A. § 21. Having neglected his opportunity to depart, he has forfeited his right to remain, and may be deported as an immigrant who has not satisfied the requirements of the immigration laws."

It can readily be seen that the facts of the Schirrmeister case and the instant case are identical. In each case the alien was brought to the United States against his will; in each case proceedings against the alien as an alien enemy were terminated; in each case the alien was given an opportunity to depart voluntarily and failed to do so; and in each case the failure to leave was because of inability to procure a passport to the country from which the alien had been removed.

We agree with the reasoning of the Schirrmeister case and hold that after the time permitted for departure had expired, the presence of appellant in the United States was voluntary, that he had made "an entry" within the meaning of the basic Immigration Act, and his further presence

648

in this country was in violation of the immigration laws; further, that he can be deported as an "immigrant" who has not satisfied the requirements of law. Immigration Act of 1917, § 19, as amended, 8 U.S.C.A. § 155; Immigration Act of 1924, §§ 13, 14, as amended, 8 U.S.C.A. §§ 213, 214.

The judgment of the district court will be affirmed.