MATTER OF LOO

In Deportation Proceedings

A-11407844

*Decided by Board January 10, and April 3, 1969*

Since the annulment of a judicial judgment of citizenship obtained by fraud in a proceeding under section 503, Nationality Act of 1940, does not permit the individual concerned to be regarded as an alien during the time the judgment was in effect, respondent is not deportable on a no visa charge relating to an entry as a U.S. citizen which occurred during a time when such a judicial judgment was in effect.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry—immigrant not in possession of immigrant visa (section 212(a)(20) of the Act, 8 U.S.C. 1182(a)(20)).

ON BEHALF OF RESPONDENT:
Gerald L. McVey, Esquire
559 Washington Street
San Francisco, California 94111
(Brief filed)

ON BEHALF OF SERVICE:
Stephen M. Suffin
Trial Attorney
(Brief filed)
Charles Gordon
General Counsel

Respondent appeals from the special inquiry officer's order finding him deportable as charged and denying his application for suspension of deportation. We find respondent is not deportable as charged.

The respondent, an alien, fradulently procured judicial and administrative declarations that he was a citizen. Thereafter, he was admitted from time to time as a United States citizen. The declarations of citizenship were cancelled after these entries. The question is whether it is proper to charge respondent with the lack of a visa when he entered as a citizen. We hold it is not.

Respondent, a 46-year-old married male, a native and citizen of China, sought admission in 1951 as a United States citizen. Ordered excluded on May 22, 1952 as an alien, he instituted proceed-

ings asking the District Court, District of Columbia, to declare him a United States citizen (section 503, Nationality Act of 1940 (54 Stat. 1171). The court upheld his claim in a decree entered on January 29, 1954. The Service issued a certificate of citizenship to him on January 10, 1958.

From 1963 to 1966, respondent made about 10 foreign trips as a crewman. He was readmitted as a United States citizen on each occasion. He last returned on February 2, 1966; he did not then have an immigrant visa. Shortly after his last return, the respondent confessed to the Service that he is an alien, and that he had fradulently claimed United States citizenship. On July 25, 1966, the court set aside its decree declaring his citizenship. On October 18, 1966, the Service cancelled his certificate of citizenship.

The Service charge is based on the reasoning that the respondent was in fact an alien when he last returned and since he was coming to resume his residence, it is proper to charge him with the lack of the immigrant visa needed by an alien entering for permanent residence. The special inquiry officer sustained the charge. He held that when the court set aside its decree, respondent was returned to the status of one who had never held United States citizenship, so that it followed that he could be charged with having failed to comply with the vist requirements applicable to an alien coming for permanent residence.

Counsel contends that judicial and administrative decisions require dismissal of the documentary charge. He relies on precedents which hold that naturalized citizens whose naturalizations were cancelled could not, as far as deportation proceedings were concerned, be treated by the Service as if they had been aliens at the time they were ostensibly citizens. Counsel states that since conclusive proof of respondent's citizenship existed at the time he last applied for admission, the Service had to admit him as a citizen; he, therefore, did not need a visa, and in fact, as a citizen, could not have obtained one.

We believe that for deportation purposes, the precedents require us to hold that respondent must be treated as the United States citizen he ostensibly was during the period he had uncancelled judicial and administrative orders stating that he was a citizen.

In *Costello* v. *Immigration and Naturalization Service*, 376 U.S. 120 (1964), the Court refused, in the absence of a congressional directive, to hold that judicial divestment of United States citizenship related back to a date earlier than the divestment to

make a person deportable under the general deportation statute. The Court ruled that the immigration provision requiring the deportation of a convicted alien did not apply to one who is an alien at the time of the deportation proceeding but who was a naturalized citizen at the time of the conviction. The Court ruled that this is so even though the naturalization was cancelled *ab initio* for having been fradulently obtained.

*U.S. ex rel Brancato v. Lehmann*, 239 F.2d 663 (6 Cir., 1956), too, held that in a deportation proceeding, a retroactive effect could not be given to a court order which vacated and annulled Brancato's naturalization and "enjoined [him] from setting up or claiming any right or privilege whatsoever by virtue of" his naturalization (at p. 664). Brancato, a naturalized citizen, was convicted of perjury two years after his return from a visit to Italy. Five years after his return, the Government started an action to cancel his naturalization. Seven years after the return, the court entered the annulment order mentioned previously. Twelve years after his return, the Service started deportation proceedings on the theory that the denaturalization order cancelled Brancato's citizenship *ab initio*, making him an alien at the time of his last return, that the return was an "entry" for immigration purposes, and that he was deportable because he had been convicted of the crime which was committed within five years of that "entry." Brancato was ordered deported (*Matter of B—*, 5 I. & N. Dec. 405). On judicial review, the District Court sustained the order of deportation (*U.S. ex rel Brancato v. Lehmann*, 136 F. Supp. 322 (N.D. Ohio, 1955). The court held that Brancato had not become a citizen by the naturalization, that he was an alien and not a citizen when he returned from his visit, and that the deportation statute therefore applied to him. The Circuit Court reversed, and ordered Brancato released. The Circuit Court held that as far as deportation laws went, the order of denaturalization declaring that Brancato had always been an alien could not change the fact that he returned to the United States as a citizen and not as an alien. The court pointed out that Brancato could not have been denied entry on the ground of alienage. The court concluded that since the charge was based on a law which required a person to have entered as an alien, it did not apply to Brancato.

In a series of administrative decisions, we held that naturalized aliens who were denaturalized after returning from a visit abroad could not be deported on the charge that they failed to have visas at the time they last entered. Our reason was that it would be asking the impossible to have persons present immi-

grant visas who were citizens at the time they entered. (*Matter of W—*, 5 I. & N. Dec. 759, *Matter of P—*, 4 I. & N. Dec. 373, *Matter of C—*, 3 I. & N. Dec. 275). (Administrative distinctions were attempted on the basis of whether cancellation of naturalization was for fraud or not, and whether the individual originally had a lawful entry or not. These decisions must now be viewed in light of *Costello, supra* and *Brancato, supra*).

We believe that the judicial and administrative decisions state a rule which requires dismissal of the charge here. The deportation law as presently written and interpreted does not permit sustaining a visa charge against one who whose admission as a United States citizen was required because a judicial judgment declared him to be a citizen, even though that judgment is subsequently annulled *ab initio*.

Distinctions the Service makes between the instant case and the judicial precedents appear to us to be without meaning. It is true that the precedents involve the naturalization process whereas the judicial judgment in the instant case did not. The important thing is not the name of the proceedings but the fact that the precedents and the instant case involved judicial proceedings ending in judicial judgments of citizenship that must be given the same effect. Since the annulment of a judicial judgment obtained through fraud or illegality in a naturalization proceeding does not permit the individual concerned to be regarded as an alien during the time the judgment was in effect, it follows that annulment of a judicial judgment obtained by fraud in a section 503 proceeding should not permit the individual concerned to be regarded as an alien during the time the judgment is in effect. Both the naturalization proceeding and the section 503 proceeding resulted in a judicial judgment of citizenship which could not be collaterally attacked in deportation proceedings (see *Tutun v. United States*, 270 U.S. 568 (1926)). Annulment of the decree of citizenship here could no more be retroactive in deportation proceedings than were the annulments in the cases of *Costello* and *Brancato*. Respondent, like Brancato, had to be regarded as a United States citizen at the time he entered. His return could not have been barred on the ground that he was an alien. Since the charge here requires the person to have been an alien at the time of entry, it cannot be sustained.

The issue of whether respondent is a lawful resident of the United States is not decided by us; we merely hold here, that the charge urged by the Service cannot be applied with success.

185

**ORDER:** It is ordered that the appeal be and the same is hereby sustained.

## BEFORE THE BOARD
### (April 3, 1969)

The case comes forward pursuant to motion of the Service that our order of January 10, 1969 be vacated and the case be remanded to the special inquiry officer for further proceedings.

On May 22, 1952, the respondent, a native and citizen of China, was ordered excluded as an alien. He thereafter instituted a judicial action under section 503 of the Nationality Act of 1940 and by decree dated January 29, 1954 was held to be a United States citizen and a certificate of citizenship was issued on January 10, 1958. Thereafter, the respondent made several departures from and entries into the United States as a United States citizen, the last such entry being on February 2, 1966. On July 25, 1966, the decree finding him to be a citizen was set aside on the ground of fraud, and on October 18, 1966, the certificate of citizenship was cancelled.

The case was before us on January 10, 1969 on appeal from the decision of the special inquiry officer dated May 7, 1968 finding the respondent to be deportable as charged in the order to show cause, denying his application for suspension of deportation because he was ineligible for that discretionary relief, and ordering respondent deported to Hong Kong on the charge stated in the order to show cause. We sustained the appeal from the order of the special inquiry officer on January 10, 1969, holding, however, that the issue of whether the respondent was a lawful resident of the United States was not decided by us; we merely held that the charge urged by the Service could not be applied with success.

The motion points out that the respondent does not appear to be in the United States lawfully at the present time, although acknowledging that the record was deficient in not containing precise information regarding the respondent's arrival in 1952, nor documentary evidence of the decree declaring him to be a United States citizen, nor of the order setting aside the decree. The record also does not show whether the respondent had been given an opportunity to depart voluntarily from the United States after the setting aside of the citizenship declaration. The Service urges a remand of the proceedings so the record may be developed in accordance with the foregoing and to enable the Service to lodge such charges as may be appropriate.

After full consideration of the entire record and the matters set forth in the motion, the motion to reopen will be granted.

**Order:** It is ordered that the prior order of the Board dated January 10, 1969 be vacated.

*It is further ordered* that the case be remanded to the special inquiry officer for further proceedings.