## MATTER OF LOO

### In Deportation Proceedings

### A-11407844

*Decided by Board October 25, 1974*

The respondent last entered this country claiming to be a United States citizen; he later confessed alienage. The Service instituted deportation proceedings in 1968 charging deportability under section 241(a)(1) of the Immigration and Nationality Act. On a prior remand the Board drew attention to a stipulation by the parties to reopen the proceedings for the lodging of a new charge and for the introduction of evidence that respondent had been accorded the opportunity to depart voluntarily prior to the institution of the deportation proceedings. After the last remand the immigration judge terminated the proceedings. Respondent appealed evidently seeking suspension of deportation under section 244(a)(1) of the Act. The Board again remanded for institution of appropriate proceedings under section 241(a)(2) of the Act.

CHARGE:

Order: Act of 1952—Section 241(a)(1), [8 U.S.C. 1251(a)(1)]—Excludable at time of entry, no immigrant visa.

ON BEHALF OF RESPONDENT:        ON BEHALF OF SERVICE:
Robert S. Bixby, Esquire        David L. Milhollan
30 Hotaling Place        Appellate Trial Attorney
San Francisco, California 94111

The alien respondent is a native and citizen of China. His case has been the subject of numerous opinions both at the Board and below. After our last remand, the immigration judge entered an order, dated August 31, 1973, terminating the proceedings against the respondent. The respondent does not appear to be satisfied with the resolution of his case and he has appealed from that decision. He evidently desires to become an alien lawfully admitted for permanent residence, and consequently he maintains that he is both deportable and eligibile to receive relief under section 244(a)(1) of the Immigration and Nationality Act. We have concluded that the respondent is deportable. Accordingly, we shall remand the record for additional proceedings.

In 1954 the respondent obtained a court decree declaring him to be a citizen of the United States. Several years later he was issued a certificate of citizenship. The respondent last entered this country as a citizen

on February 2, 1966, after having worked as a crewman. Shortly after that entry he confessed alienage; thereafter, the court decree was set aside and the certificate of citizenship was cancelled.

In 1968, the Service instituted deportation proceedings against the respondent. The respondent was charged with deportability under section 241(a)(1); the Service alleged that the respondent was excludable at the time of his last entry, because he was an immigrant alien not in possession of valid documentation. See section 212(1)(20), Immigration and Nationality Act. The case came to the Board on appeal from a finding of deportability. We initially sustained the appeal; however, we remanded the case upon motion of the Service. *Matter of Loo*, 13 I. & N. Dec. 182 (BIA 1969).

The record again came to the Board, and we once more remanded it in a decision dated November 17, 1972. In our opinion of that date we drew attention to a stipulation entered into by the parties. In this stipulation the parties consented to the reopening of the proceedings for the lodging of a new charge of deportability and for the introduction of evidence indicating that the respondent had been accorded the opportunity to depart voluntarily prior to the institution of the proceedings.

We remanded the record so that this stipulated material could be formally introduced at a hearing. On remand, however, the stipulated charge was not lodged. Instead, a charge of entry without inspection under section 241(a)(2) was lodged.

The circumstances surrounding the respondent's last entry cause difficulty in the application of either an "entry without inspection" or an "excludable at entry" charge of deportability. The respondent, however, is presently in the United States without authority. He is not here in a legal status, nor is he saved from deportation by any specific provision of the Act. See e.g. section 241(f), Immigration and Nationality Act. He has been afforded the opportunity to depart voluntarily, but has not done so. As an alien without any colorable claim to lawful status, he is in the United States in violation of the Act. Cf. *U.S. ex rel. Schirrmeister v. Watkins*, 171 F.2d 858 (C.A. 2, 1949), cert. denied, 337 U.S. 942 (1949); *U.S. ex rel. Von Heymann v. Watkins*, 159 F.2d 650 (C.A. 2, 1947). Accordingly, we perceive nothing which would prevent a finding of deportability under the *appropriate* portion of section 241 (a)(2).

We shall remand the record for further proceeding, and specifically for the lodging of the charge set forth in the July 11, 1969 stipulation.

**ORDER:** The record is remanded for further proceedings.