MATTER OF TADENA

In Deportation Proceedings

A-31363405-6-7-8

*Decided by Board September 16, 1975*

An alien admitted to the United States upon the presentation of an immigrant visa who in subsequent deportation proceedings is the recipient of the benefits of section 241(f) of the Immigration and Nationality Act, as amended, is an alien lawfully admitted for permanent residence.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable as immigrant without valid immigrant visa (all respondents).

ON BEHALF OF RESPONDENTS:
Victor Agmaca, Jr., Esquire
15 South King Street
Honolulu, Hawaii 96813

ON BEHALF OF SERVICE:
Paul C. Vincent
Appellate Trial Attorney

On December 12, 1973, the immigration judge rendered his decision concerning a husband and wife and their four children. The immigration judge found that the adult aliens, the husband and wife, were not deportable by virtue of section 241(f) of the Immigration and Nationality Act. The immigration judge, however, concluded that section 241(f) did not benefit the four children because they did not have the qualifying relative required for the section 241(f) waiver. The immigration judge certified his decision involving the children to us for final disposition; counsel for the minor respondents also appealed their cases. The record will be remanded for further proceedings.

The four minor respondents, whose cases alone are before us, were all under ten years of age at the time of the immigration judge's decision. They, along with their parents, are natives and citizens of the Philippines. The minor respondents were admitted to the United States as immigrants in April of 1972. Their admissibility depended upon their father's status as an alien lawfully admitted for permanent residence. It is conceded that their father made certain misrepresentations in obtaining his immigrant visa. The minor respondents only contest deportability on the basis of section 241(f).

458

The immigration judge found that section 241(f) prevented the deportation of the parents of these minor respondents in part because of the subsequent birth of a United States citizen child to the parents. The immigration judge, however, concluded that the minor respondents had no qualifying relative for section 241(f) purposes. We concur with the immigration judge's ultimate holding that section 241(f) does not benefit the minor respondents, although we disagree with his conclusion that the parents are not now aliens lawfully admitted for permanent residence.

The minor respondents have been charged with deportability under section 241(a)(1) as aliens who were excludable at entry under section 212(a)(20). In *Matter of Montemayor*, 15 I. & N. Dec. 353 (BIA 1975), we held that the interpretation of section 241(f) adopted by the Supreme Court in *Reid* v. *INS*, 420 U.S. 619 (1975), precluded its application to the precise charge of deportability alleged against these children. Therefore, they are not benefited by section 241(f), and they are deportable as alleged by the Service.

The parents of the minor respondents, however, were not found deportable by virtue of section 241(f). This determination was correct under the case law applicable at the time of the immigration judge's decision. The Service did not appeal the decision in the cases of the parents. That decision is final and will not be disturbed.

Contrary to the immigration judge's view of this case, the parents of the minor respondents are now aliens lawfully admitted for permanent residence. The immigration judge's finding that the parents are not lawful permanent residents was based on court cases dealing with the effect, for naturalization purposes, of section 241(f) on aliens who had entered the United States under false claims to United States citizenship. See e.g. *Yik Shuen Eng* v. *INS*, 334 F. Supp. 897 (S.D.N.Y. 1971), aff'd, 464 F.2d 1265 (C.A. 2 1972). The parents of the minor respondents, however, obtained their admission to the United States upon the presentation of *immigrant* visas.

If adopted, the immigration judge's approach to section 241(f) would leave any beneficiary of section 241(f) in limbo. The section 241(f) recipient would be nondeportable, but he would not have any immigration status. However, the Act generally contemplates that an alien lawfully in the United States will have a status permitting him to remain. Cf. *Matter of Loo*, 15 I. & N. Dec. 127 (BIA 1974).

The Supreme Court's decision in *Reid* v. *INS*, supra, has resolved most of the questions with respect to the interpretation of section 241(f). We note that the Service would also consider the parents of the minor respondents to be aliens lawfully admitted for permanent residence. See Immigration and Naturalization Service Operations Instruction 241.2.

As lawful permanent residents, the parents of the minor respondents are qualified to petition for second preference status on behalf of their children. See section 203(a)(2), Immigration and Nationality Act. In view of the peculiar facts of this case, the immigration judge's erroneous conclusion, and the intervening decision in *Reid* v. *INS*, supra, we shall remand the record to the immigration judge in order to afford the parents of the minor respondents the opportunity to begin action which may ultimately permit the minor respondents to receive adjustment of status under section 245 of the Act.

**ORDER:** The record is remanded to the immigration judge for further proceedings.