## MATTER OF PIOQUINTO

### In Exclusion Proceedings

### A-20542417

*Decided by Board November 19, 1975*

(1) An individual placed on a Temporary Disability Retired List (TDRL) by the United States Navy is, for the purposes of the Immigration and Nationality Act, a member of the Armed Forces.

(2) Where an alien, subsequent to enlistment in the United States Navy in the Philippines, was placed on a Temporary Disability Retired List (TDRL); he thereafter arrived in the United States under official orders of the U.S. Navy, and was paroled into this country, he is not, upon revocation of his parole, amendable to exclusion proceedings since under 8 CFR 235.1(c), an alien member of the Armed Forces coming to the United States under official orders is not subject to the exclusion provisions of the act.

EXCLUDABLE:  Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—Immigrant—no visa.

ON BEHALF OF APPLICANT:  Lloyd A. Tasoff, Esquire
Continental Building, Suite 1016
408 South Spring Street
Los Angeles, California 90013

This is an appeal from a decision of an immigration judge denying the applicant's motion to reopen his exclusion proceedings. The appeal will be sustained.

The applicant is a male alien who is a native and citizen of the Philippines. In 1968 he enlisted in the United States Navy in the Philippines. On January 24, 1972, the United States Navy placed the applicant on a Temporary Disability Retired List (TDRL). He was given a 100% disability rating. On February 22, 1974, the applicant arrived at Travis Air Force Base, California apparently on a chartered military flight. He did not then have in his possession a visa to enter the United States. However, he did have orders from the United States Navy directing that he appear in San Diego, California, before a physical evaluation board.

The Immigration and Naturalization Service thereafter paroled the applicant into the United States pursuant to section 212(d)(5) of the Act.

The applicant apparently appeared before the physical evaluation board. His parole was thereafter revoked and he was placed in exclusion proceedings. On December 18, 1974, the immigration judge found the applicant inadmissible to the United States under section 212(a)(20) of the Act as an immigrant without an immigrant visa.

Section 284 of the Act provides:

Nothing in this title shall be construed so as to limit, restrict, deny, or affect the coming into or departure from the United States of an alien member of the Armed Forces of the United States who is in the uniform of, or who bears documents identifying him as a member of, such Armed Forces, and who is coming to or departing from the United States under official orders or permit of such Armed Forces: *Provided*, That nothing contained in this section shall be construed to give to or confer upon any such alien any other privileges, rights, benefits, exemptions, or immunities under this Act, which are not otherwise specifically granted by this Act.

Although the applicant does not appear to have been serving on active duty in the Navy, he was traveling under official orders. Copies of these orders are in the record of proceedings. At issue is whether or not the applicant is to be considered a "member" of the Armed Forces for purposes of section 284 of the Act.

The Immigration and Nationality Act does not define "member of the Armed Forces." "Member of the naval service" and "enlisted member" are defined in 10 U.S.C. 5001(a)(3) and 5001(a)(4), respectively. Those definitions do not necessarily include or exclude from their definitions naval personnel who are on the temporary disability retired list. Department of Navy regulations, which relate to disability, define "member" to include a "retired member of the naval service." 32 CFR 725.220.

Furthermore a review of the statutory provisions relating to temporary disability retired lists convinces us that the applicant is a member of the Armed Forces as that phrase is used in section 284 of the Act. 10 U.S.C. 1202 pertains to a member of the Armed Forces who has served on active duty for more than 30 days, and who would be elegible for retirement "but for the fact that his disability is not determined to be of a permanent nature." Under this section,

the Secretary [of the appropriate armed service] shall, if he also determines that accepted medical practice indicates that disability may be of a permanent nature, place the member's name on the temporary disability retired list with retired pay . . .

10 U.S.C. 1203 makes clear that there is a distinction to be drawn between those placed on TDRL and those who have been separated from the armed service.

Individuals who have been placed upon TDRL may be required at least once every eighteen months to submit to examination. 10 U.S.C. 1210. As a result of these examinations, an individual on TDRL may be

retired, [1] separated [2] or returned to active duty. [3] Additionally, 10 U.S.C.1210(g) provides:

> Any *member* of the Armed Forces whose name is on the temporary disability retired list, and who is required to travel to submit to a physical examination under subsection (a), is entitled to the travel and transportation allowances authorized for members in his retired grade traveling in connection with temporary duty while on active duty. (Emphasis added.)

It thus appears that Congress viewed individuals on TDRL as members of the Armed Forces. [4] Further, Article 2(4) of the Uniform Code of Military Justice 10 U.S.C. 802(4), provides that retired members of a regular component of the Armed Forces who are entitled to pay are subject to the code of military justice. This category appears to describe individuals on TDRL, who, as noted above, receive retired pay.

We are satisfied from all these provisions that an individual on a temporary disability retired list is, for purposes of the Immigration and Nationality Act, a member of the Armed Forces. We note that some of the official forms concerning the applicant refer to him as having been discharged, and that he himself, in a signed statement, stated he was "discharged". In view of the statutory provisions we have considered, the documents, which also indicate the applicant was placed on the temporary disability retired list, appear to contain a clerical error with respect to the use of the word "discharge". The applicant's own statement appears to have used the word discharged in its colloquial sense and to have disregarded the niceties between removal from active duty and complete separation from the Navy.

Under 8 CFR 235.1(c), an alien member of the Armed Forces coming to the United States under official orders is not subject to the exclusion provisions of the Act. Accordingly, these proceedings must be terminated and the respondent's appeal sustained.

It is possible that as a result of his appearing before the physical evaluation board, the applicant has been separated from the Navy. There is some indication in the record that this may have occurred. If so, the applicant may now be deportable. The *proviso* of section 284 of the Act prevents an alien, such as the applicant, from obtaining special immigration benefits. However, if it is determined that the applicant is in the United States in violation of law, he should be given an opportu-

---

[1] 10 U.S.C. 1210 (c), 1201 and 1204.

[2] 10 U.S.C. 1210(e), 10 U.S.C. 1203, 1206.

[3] 10 U.S.C. 1210(f), 10 U.S.C. 1211.

[4] We note that Congress has provided for full and fair hearing on the medical disabilities of servicemen. See 10 U.S.C. 1214. The United States Navy conducts physical evaluation boards at only three locations, all of which are within the United States. United States Navy, Disability Evaluation Manual, NAVSD P-1980 at 5-1 (October, 1970).

nity to depart voluntarily before the institution of deportation proceedings. *Matter of Loo*, 13 I. & N. Dec. 182 (BIA 1969).

ORDER: The appeal is sustained.

*Further order:* The exclusion proceedings are terminated.