## MATTER OF LOULOS

### In Exclusion Proceedings

### A-22126158

*Decided by Board September 16, 1976*

(1) Applicant, a native and citizen of Greece, entered the United States as a crewman in 1970 and remained unlawfully until May 1976 when he departed for Costa Rica in order to obtain an immigrant visa at an American Consulate. Subsequently he was deported to the United States by the Costa Rican authorities. He was not brought to this country by agents of the United States nor did the United States authorities expressly or impliedly consent to his deportation from Costa Rica to this country. He arrived on August 18 or 19, 1976, without a visa, passport or other travel document authorizing his entry into this country. Although he possessed the financial means to leave the United States when he arrived, he did not choose to do so. Following deferred inspection and a hearing, applicant was found excludable under section 212(a)(20) of the Immigration and Nationality Act as an immigrant who was not in possession of a valid immigrant visa.

(2) Under the circumstances, an exclusion proceeding was the proper forum for this case because applicant failed to meet his burden under section 214(b) of the Act; applicant was not brought to the United States against his will by agents of the United States or with the consent of the United States Government; and applicant's past actions with respect to remaining in the United States indicated that he was in fact an applicant for admission.

EXCLUDABLE:

Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—Immigrant not in possession of valid immigrant visa

ON BEHALF OF APPLICANT:
Jack Wasserman, Esquire
1707 "H" Street, N.W.
Washington, D. C. 20006

ON BEHALF OF SERVICE:
George Indelicato
Appellate Trial Attorney

The applicant is a 24-year-old alien, a native and citizen of Greece. He last arrived in the United States on August 18 or 19, 1976, at New York City. Inspection was deferred pursuant to section 235(b) of the Immigration and Nationality Act. A notice of hearing (Form I-122) (Ex. 1) was delivered to the applicant by the trial attorney on August 24, 1976. An exclusion hearing was held on August 24, 1976. Subsequent to that hearing, the immigration judge found the applicant excludable under section 212(a)(20) of the Act as an immigrant who was not in possession

of a valid immigrant visa. The applicant has appealed from that decision. The appeal will be dismissed.

On August 19, 1976, the applicant made a sworn statement to the Service (Ex. 2). In his affidavit, the applicant stated that he was a native and citizen of Greece who was "not in possession of any visa for the U.S."; that he last entered the United States in January of 1970 as a crewman; that he remained in the United States until May of 1976; and that he then departed for Costa Rica. He indicated that he went to Costa Rica in order to obtain "an immigrant visa from an American consulate abroad"; and that after two and one-half months in Costa Rica, the Government of Costa Rica deported him to the United States. The applicant further stated that he arrived in the United States on a Pan American flight without a visa; and that the carrier desired that he proceed from the United States to Greece as an alien in transit without a visa. He indicated that he could not go to Greece because his passport had expired; but that he would have proceeded to Greece if he had a valid travel document.

At the hearing, the trial attorney and the applicant (through counsel) stipulated that the applicant last arrived in the United States at John F. Kennedy Airport located in New York City on August 18 or 19, 1976, as a passenger aboard Pan American Flight 542 after having boarded at San Jose, Costa Rica; and that the applicant was not admitted to the United States. The parties also stipulated that the applicant was born in Greece on April 15, 1952; that he is a citizen of Greece; that neither of his parents was ever a citizen of the United States; that the applicant had never been admitted to the United States as a permanent resident alien; and that at the time of his last arrival, the applicant did not present a visa, passport or travel document. Both parties further agreed that the applicant was deported from Costa Rica to the United States; and that the applicant has no close family ties in the United States. The immigration judge noted that, upon arrival in the United States, the applicant indicated that he had a $1,000 bank check made out to his order. Upon the request of the trial attorney and counsel for the applicant, the immigration judge announced that he would not consider the allegation contained in the notice of hearing (Ex. 1) to the effect that the applicant is likely to become a public charge.

Counsel contended at the hearing that the applicant was brought to the United States involuntarily by virtue of his deportation by the Government of Costa Rica; and that the applicant is not now applying for admission to the United States. The immigration judge noted that counsel for the applicant specifically declined to apply for a waiver of entry documentation, visa and passport. Counsel further contends that an alien who is involuntarily brought to the United States should be released from custody and be allowed to depart the United States

voluntarily. At oral argument, counsel maintained that the applicant did not make an entry into the United States; that the applicant was not applying for admission to the United States; that he was brought to the United States involuntarily; and that an exclusion proceeding is inappropriate. Counsel submits that the applicant must be given the opportunity to depart the United States voluntarily, and if he fails to do so, then it would be appropriate for the Government to commence deportation proceedings.

Counsel contends that the applicant did not effect an entry into the United States within the meaning of section 101(a)(13) of the Act. An alien does not effect an entry into the United States unless, while free from actual or constructive restraint, he crosses into the territorial limits of the United States and is inspected and admitted by an immigration officer or actually or intentionally evades inspection at the nearest inspection point. *Matter of Pierre et al.*, Interim Decision 2238 (BIA 1973). In this case, the applicant's entry into the United States (upon his arrival in New York City) was thwarted during an inspection by an immigration officer when the applicant was unable to produce a valid unexpired immigrant visa. We find that the applicant was not admitted, and, therefore, did not effect an "entry" into this country.

In support of his contention that the applicant must be given the opportunity to voluntarily depart from the United States, counsel cites *United States ex rel. Bradley v. Watkins*, 163 F.2d 328 (2 Cir. 1947); *United States ex rel. Paetau v. Watkins*, 164 F.2d 457 (2 Cir. 1947); and *United States ex rel. Sommerkamp v. Zimmerman*, 178 F.2d 645 (3 Cir. 1949). In the *Bradley* case (a habeas corpus proceeding), the court held that an alien seized by the United States Navy in Greenland, brought to the United States against his will, and interned as an alien enemy for security reasons could not be deported as an "immigrant"—at least, not before he had been afforded an opportunity to depart voluntarily. The theory of the *Bradley* decision is that an alien brought here by agents of the United States against his will is not an "immigrant" within the meaning of the immigration laws. In the *Sommerkamp* case, the facts related to an alien who was seized by the United States Army in Guatemala at the outbreak of World War II, and brought to the United States against his will and interned for security reasons. The alien's internment was subsequently terminated, and he was given the opportunity to depart voluntarily but he did not do so. In a habeas corpus proceeding, the court held that the subsequent presence of the alien in the United States was "voluntary," and therefore he had made an "entry" and was subject to deportation as an immigrant. In the *Paetau* case (also a habeas corpus proceeding), the facts related to an alien who was deported to Germany by Guatemalan authorities and placed on an airplane bound for the United States. The Guatemalan

Government had requested other countries to permit the alien's passage to Germany. The alien, who applied for admission to the United States, was detained and ultimately held in deportation proceedings as an immigrant who had made an illegal entry. The court applied the rationale of the *Bradley* case, and held that it made no difference whether an alien is forcibly brought into this country directly by the United States authorities or whether such action is accomplished by a foreign government with the consent of the United States. The court was of the opinion that the United States authorities accepted the deportation of the alien from Guatemala, and supported that action when they took steps against the alien for his asserted illegal entry in order to insure his return to Germany. The deportation order was reversed, the writ was sustained, and the alien was released from the custody of the Service.

The rationale that has been consistently expressed by the courts is that an alien who is involuntarily brought to this country *by agents of the United States* is not considered to be an "immigrant" within the meaning of section 101(a)(15) of the Act. See also *United States ex rel. Ludwig v. Watkins,* 164 F.2d 456 (2 Cir. 1947). This rationale has been held to be applicable not only to a situation in which agents of the United States directly bring an alien into the United States against his will, but also to a situation in which *United States authorities consent to such an action by a foreign government.* See *United States ex rel. Paetau v. Watkins, supra.* It is apparent that the holdings of these cases are predicated upon the direct participation of United States authorities in effecting the removal of an alien from another country to the United States against his will or upon the consent of United States authorities to such action by the government of a foreign country. We find that the case at hand is factually distinguishable from the above cited cases. The applicant was not brought to this country by agents of the United States against his will. Further, United States authorities did not expressly or impliedly consent to his deportation to the United States by the Government of Costa Rica. We therefore conclude that the cases cited by counsel are inapplicable to this case.

Counsel's contention that Vassilios Loulos is not an applicant for admission is without merit. It is clearly implied in the applicant's present and past conduct that he is seeking admission to the United States. We find that the applicant resided in the United States unlawfully for more than six years before he voluntarily departed this country for Costa Rica in a improvident attempt to legalize his status by obtaining an immigrant visa. Further, we find that upon his arrival in the United States following his deportation from Costa Rica, the applicant had the freedom and the financial means to arrange for his transportation to Greece, his native country, but chose not to do so. Instead, he decided to remain in the United States. His statement that he did not go on to

Greece because he did not possess an unexpired passport is curious since he also did not have proper documentation to enter the United States.

Section 214(b) of the Act provides that every alien shall be presumed to be an immigrant until he establishes to the satisfaction of the Service, at the time of application for admission, that he is entitled to nonimmigrant status.

At the time of his inspection, the applicant did not present any documentation which would entitle him to enter the United States. We conclude that an exclusion proceeding was the proper forum in this case. We further conclude that the applicant failed to sustain his burden under section 214(b) of the Act. Therefore, he must be presumed to be an immigrant and is excludable under section 212(a)(20). Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.

Participating Members: Milhollan, Wilson, and Maniatis.